SOMMERFELD, Respondent, vs. CHICAGO, NORTH SHORE & MILWAUKEE RAILROAD, Appellant.

*December 15, 1920—January 11, 1921.*

*Carriers: Interurban railroads: Negligence: Res ipsa loquitur: Passenger injured by breaking of window.*

1. A presumption of negligence is indulged in cases where the facts and circumstances show that an accident could not have happened if the defendant had used ordinary care; but in this case, which is to recover damages for injuries received by a passenger on an interurban car when a window suddenly broke, this doctrine does not apply, because the evidence does not sustain the conclusion that the breaking of the window was caused by defendant's negligence in furnishing a defective window, rather than some unknown cause, such as the window being struck by an object from the outside.

2. Where under the evidence it was a matter of speculation and conjecture as to whether the window was broken by a stone thrown at the train or as the result of the negligence of the railroad company in furnishing defective window glass or an imperfect frame, or in negligently fitting the glass into the sash, the passenger could not recover, the doctrine of *res ipsa loquitur* being inapplicable.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

This action, originally tried in the civil court of Milwaukee county, OTTO H. BREIDENBACH, judge presiding, was brought for personal injuries sustained by plaintiff from glass projected into the car by the breaking of a window while he was traveling as a passenger on defendant's car. The complaint charges negligence as follows: (1) that the car and windows were negligently constructed and of inferior material; (2) that the car and windows were negligently permitted to become out of repair and in a defective and dangerous condition; (3) that the car was operated negligently and at a dangerous and excessive speed. The answer denies negligence.

In the civil court a special verdict was rendered in favor of the plaintiff, damages being fixed in the sum of $545. Defendant appealed to the circuit court, where the judgment of the civil court was affirmed. This is an appeal from such judgment.

For the appellant there was a brief by *Edgar L. Wood* of Milwaukee, attorney, and *A. L. Gardner* of Chicago, of counsel; and the cause was argued orally by *Mr. Wood.*

*Thomas F. Hayden* of Milwaukee, for the respondent.

SIEBECKER, C. J.    It appears that the plaintiff was seated near the window in one of defendant's cars composing the interurban train on its way from Lake Bluff, Illinois, to the city of Milwaukee, Wisconsin; that while the train was going at the rate of about fifty miles per hour the glass of the window suddenly broke, causing small particles of glass

to cut his face and enter both of his eyes, which seriously injured him. Some of the particles and pieces of glass flew across the car, reaching the seat on the side of the car opposite the one occupied by plaintiff. Other pieces of glass were scattered in the area near his seat. The break in the window glass is described as one in the form of a hole in the upper left-hand corner of the window. The plaintiff testifies in effect that the glass suddenly started cracking and crystallizing and showered glass in his face. Others who observed the accident testified that at the starting point of the break it looked like a crescent-shaped hole and that the cracks in the glass spread from the hole. It is manifest that at the point where the break started it left a hole and that the glass from this hole flew in small particles into plaintiff's face and eyes and was driven across the car, and that other parts of the window glass cracked and broke into larger pieces and were scattered about the floor of the car. Upon search no stone or other missile was found in the car to indicate that any such object had come through the window. There is some evidence tending to show that glass in a car window like this one may break from imperfections in the glass or from imperfect setting of the glass into the frame holding it, but there is no evidence to show that any of these imperfections or defects had been observed by any person in the pane of glass or the window in question. The evidence is in conflict as to whether boys were on or near the right of way of the company and whether they were engaged in throwing missiles at the moving train.

The jury found that the window was not broken by an object from the outside; that the defendant failed to exercise ordinary care as regards the condition of the window before it broke on this occasion; and that such want of ordinary care by defendant proximately caused the plaintiff's injury. These findings are excepted to on the ground that the evidence does not sustain the verdict. The circuit court held that the verdict is sustained by the evidence.

It is the claim of the defendant that the evidence conclusively shows that the window was broken by some object from the outside. The facts testified to by the witnesses who observed the break in the glass and who saw the particles of glass like those that were thrown into plaintiff's face and eyes and cast across the interior of the car tend to show that the force which caused the break operated in all respects as a sharp blow operates when the surface of glass is struck. The broken particles of glass were driven into the car as a blow from the outside would drive them; the glass knocked out of the hole on the upper left-hand corner was reduced to small particles such as would result from a swift, severe blow from an outside object; the hole produced in the glass was one which is produced in glass like this when struck by a swift missile like a bullet fired from a firearm, and the cracks in the glass radiating from this hole as a center indicated that they resulted from the force that made its impact on the glass at the point where the hole was found. All of these facts indicate the uncertainty of the cause that produced the break of the glass. Considering these facts in connection with the claim of the plaintiff that some defect in the glass or in the manner in which it was framed into the sash must have caused it to break in the manner it did, it is apparent that the actual cause of this accident is not established with any reasonable certainty. A searching study of all the facts and circumstances of the case persuades us that the jury's finding that the window was not broken by being struck by some object from the outside is the merest conjecture and speculation. The evidence furnishes no reasonable basis for drawing this inference, and the jury must of necessity have been led by mere speculation in arriving at their finding. The physical facts and conditions as disclosed by the testimony are such as to suggest a probability that some blow by an outside object caused the break, yet there is not sufficient certainty in this

evidence to support this conclusion. The trial and circuit courts were of the view that the doctrine of *res ipsa loquitur* is applicable to the case, and that the facts and circumstances proven established a *prima facie* case of defendant's negligence. A presumption of negligence is indulged in cases of this class where the facts and circumstances show that the accident could not have happened if the defendant had used ordinary care in the discharge of the duties imposed on it in its relation to the plaintiff.

In *Cummings v. Nat. F. Co.* 60 Wis. 603, 18 N. W. 742, 20 N. W. 665, this court phrased the rule as follows:

"When the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." See, also, *Clemons v. C., St. P., M. & O. R. Co.* 137 Wis. 387, 119 N. W. 102; *Adams v. Bucyrus Co.* 155 Wis. 70, 143 N. W. 1027.

The vice of the claim that this doctrine is applicable to this case arises from the fact that the lower courts regarded the jury's finding under question No. 1 as establishing that the accident was not caused by anything other than defendant's negligence in furnishing a defective window glass, an imperfect frame, or negligently fitting the glass into the sash. This claim must fail because the evidence does not sustain this conclusion. Some unknown cause may have produced the break in the glass which was wholly unrelated to defendant's duty to furnish a proper glass and place it in a reasonably sufficient sash in an ordinarily careful manner. It is considered that under the facts and circumstances shown the doctrine of *res ipsa loquitur* does not apply to this case.

It follows from the foregoing considerations that the evidence adduced does not support the conclusion that the defendant is guilty of the negligence charged in the com-

plaint, and that the trial court erroneously awarded judgment on the verdict.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with direction to award judgment dismissing plaintiff's complaint.