## Stephenson v. Smith Motor Coach Company.

(Decided March 22, 1932.)

JESS F. NICHOLS for appellant.

WHEELER, WHEELER & SHELBOURNE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action by Charlie Stephenson against the Smith Motor Coach Company to recover damages for injury to his eyes, the trial court directed a verdict in favor of the defendant. Stephenson appeals.

Appellant's account of the accident may be summarized as follows: Appellee is a common carrier, and appellant was a passenger on one of its busses. The accident occurred about a mile south of Wingo. The bus was going about 50 miles an hour. There was loose gravel 12 or 18 inches deep on each side of the highway, and a clear space fully 18 feet. The view from the highway for about three-quarters of a mile was unobstructed. He was sitting on the right-hand side of the bus in the first passenger seat, and about 3½ feet from the windshield. A big moving van with a good size trailer was approaching, and the trailer was wobbling 18 or 20 inches on each side of the van. A lady inquired of the driver if he saw the trailer wobbling. He replied that it looked like it was loose to him. The bus had its right wheels over on the right-hand side of the ridge of gravel next to the ditch. The van was so close that he thought at any minute it would knock the bus off the road. When he looked around and the trailer was about half past the bus, the windshield broke and he got glass in his eyes. He never saw any rock hit the windshield, and never noticed whether there was a hole in it or not.

According to G. W. Baylor, the driver of the bus, there were two curves in the road. The gravel on the road was pushed out on the side. He was going toward a hill, and the moving van with the trailer attached was approaching. He was running about 35 miles an hour, and possibly the van was running 40 miles an hour or better. As the van came forward the trailer commenced to swerve. When the front end of the trailer got to the end of the bus, it threw a rock into the windshield. On the outside of the windshield was a hole about the size of a pencil, and on the inside about the size of a quarter or half dollar where it shattered. He could not say whether the rock came inside the car or not. He did not

see it. In his affidavit, which was read as his deposition, L. F. Hamilton testified that he was a passenger on the bus at the time of the accident; that about a mile south of Wingo, as the bus was approaching a hill or slight elevation, a truck bound in the opposite direction passed the bus and a stone or other hard object thrown from the wheels of the truck, or the trailer, struck and broke the windshield of the bus, making a small hole in the glass; and that Stephenson rubbed his eyes and several minutes later said there was some irritation in his eyes.

It is not alleged that the glass in the windshield was defective, or that it was insecurely fastened. The sole ground on which a recovery was sought was the gross negligence and carelessness of the defendant, its agents and servants, in operating and managing the bus. The direct evidence on the question failed to sustain the charge. The fact that the driver of the bus saw the wobbling trailer as it approached is wholly immaterial. There was no collision between the bus and the trailer, and the driver of the bus did the proper thing in getting over to the right as far as possible in order to avoid coming in contact with the trailer. As the road was not furnished by and under the control of the coach company, but was built and is maintained by the state highway commission, it was not responsible for the presence of gravel on the road. Neither Stephenson nor the other witnesses testified that the bus jumped or jerked, or to any facts showing that the speed of the bus had anything to do with the accident. But if we go further and take the view that under the res ipsa loquitur doctrine proof of the accident and consequent injury was sufficient to make out a prima facie case of negligence and cast upon the coach company the burden of establishing its freedom from fault, we think this burden was met. The driver and the passenger both say that the break was caused by a stone thrown from the wheels of the trailer. Conceding that the statement that the stone was thrown by the trailer is a mere inference, we hardly think Stephenson's testimony that the trailer was about half past the bus when he looked around and the windshield broke was sufficient even to overcome the inference, in view of the fact that the lowest estimate of the combined speeds of the van and bus was 110 feet a second, thus presenting a situation where it was beyond the range of human power to tell precisely where the trailer was when the accident

occurred. By assuming that Stephenson's evidence made an issue as to whether the stone was thrown by the wheels of the trailer, his evidence does not contradict the evidence of the driver and the passenger that the break was caused by a stone, fortified as it is by the character of the break, which shows beyond all doubt that it could not have occurred in any other way. Thus we have a case where the break was caused by a stone, which, whether thrown from the wheels of the trailer or not, came from the outside through no fault whatever on the part of the coach company. It not being claimed that the glass was defective or was insecurely fastened, and there being nothing in the evidence connecting the accident with the movement of the bus, it follows that the court did not err in sustaining appellee's motion for a peremptory instruction.

Judgment affirmed.