# Yorkshire Insurance Company v. Kirtley.

(Decided March 22, 1932.)

163

FAUREST & FAUREST for appellant.

JAMES & JAMES for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. E. Kirtley was the owner of a Nash roadster, which, together with the sum of $200 in cash he traded to the Fidelity Motor Company of Louisville for a secondhand Nash sedan. On February 3, 1930, the Yorkshire Insurance Company, through their agents at Elizabethtown, issued and delivered to Kirtley a policy insuring the Nash sedan against loss by fire or theft in the sum of $500. On March 15, 1930, the sedan was taken from the place where it had been left by Kirtley and burned. Payment having been refused, this action was brought by Kirtley to recover on the policy. In addition to a denial that the automobile was stolen, or that its value at the time it was destroyed by fire was $500, or any amount in excess of $200, the answer presented the following defenses: (1) Proof of loss was not furnished within 60 days, or at any time; (2) misrepresentation as to the costs of the automobile; (3) Kirtley procured and consented to the automobile's being stolen and burned. The trial before a jury resulted in a verdict and judgment for the full amount of the policy. The insurance company appeals.

1. We deem it unnecessary to detail the evidence. It is sufficient to say that on the issue of misrepresentation of the cost of the machine, as well as the issue as to whether Kirtley procured the machine to be stolen and destroyed, the evidence was conflicting, and sufficient not only to take the case to the jury, but to sustain the verdict.

2. Appellant insists that its motion for a peremptory instruction on the ground that proof of loss was not furnished in 60 days should have been sustained, and relies upon the following provisions of the policy:

"Proof of Loss Within Sixty (60) days after loss or damage, unless such time is extended in writing by this company, the Assured shall render a statement to this Company, signed and sworn to by the Assured, stating the place, time and cause of the loss or damage, the interest of the Assured and of all others in the property, the sound value thereof and the amount of loss or damage thereto, all encumbrances thereon, and all other insurance, whether valid and/or collectible or not, covering said property."

"This policy shall be void in event of violation by the assured of any agreement, condition or warranty contained herein or in any rider now or hereafter attached hereto."

It is the settled rule in this state that, unless the policy provides for a forfeiture on that ground, failure to make proof of loss within 60 days is not available as a defense if proof of loss is furnished within a reasonable time after the fire. National Union Fire Ins. Co. v. Hall, 233 Ky. 337, 25 S. W. (2d) 738. In the clause respecting the furnishing of proof of loss within 60 days, there is no forfeiture provision, but it is claimed that that provision is an "agreement" or "condition" of the policy within the meaning of the second clause above quoted, and that the failure to furnish the proof of loss within the required time rendered the policy void. Forfeitures are not favored in law, and will not be adjudged in the absence of clear and unequivocal language providing therefor. The clause relied on is far removed from, and not connected in any way with, a proof of loss clause. In our opinion it refers only to the agreements and conditions which constitute a part of the contract of insur-

ance, and does not embrace stipulations in respect of things to be done after the loss, such as giving notice and furnishing proofs of loss. It follows that the failure of the insured, if any, to furnish proofs of loss within 60 days, did not avoid the policy, and that appellant was not entitled to a peremptory instruction. This conclusion renders it unnecessary to discuss the question of waiver, or to consider the propriety of the instructions bearing on that issue.

3. We shall next proceed to consider the evidence which it is claimed was improperly admitted.

It is first insisted that the court erred in permitting Kirtley to testify to the value of the sedan at the time he purchased it, instead of its market value at the time it was destroyed. The record discloses that Kirtley was first asked if he was familiar with the market value of the automobile, and he replied that he was. He was then asked to give its value at the time he purchased it. His answer was that he judged it to be worth about $650 or $700, and stated that it was priced to him at $650. It was apparent from this that Kirtley was testifying as to the market value of the machine at the time he purchased it, and as but little time elapsed between the purchase and the time it was destroyed, the evidence had direct bearing on its market value at the time it was destroyed. It follows that the admission of the evidence was not error.

Complaint is also made of the fact that the court permitted Kirtley to testify that he did what Mr. Pollitt said it was necessary for him to do, without stating what that was. It is argued that his was a mere conclusion and not a statement of fact. Examination of Kirtley shows that just prior to the answer complained of he testified that Mr. Pollitt said: ''Make out these papers, that is all it is necessary for you to do, and I will take care of the rest of it.'' In the circumstances his answer can be given no meaning other than that he made out the papers, and this was a statement of fact and not a conclusion. The further point is made that the court erred in permitting to go to the jury a written statement made by Kirtley to A. E. Scott, deputy fire marshal, who was called as a witness by appellant. The basis of the contention is that the statement was purely self-serving, and its only purpose was to bolster up Kirtley's evidence. As Kirtley had already sworn out warrants against the

parties who were guilty of taking the car, we do not regard the admission of the sworn statement before the deputy fire marshal as prejudicial error.

The cross-examination of the witnesses Pollitt and Hoke was not improper. They had testified that they never issued policies for more than 80 per cent of the cost price of a car. The cross-examination related to what they would do if the car had been given to the insured, and its purpose was to test the accuracy of their statements.

Further complaint is made of the fact that the court erred in overruling exceptions to certain questions propounded on cross-examination to Will Tom Searcy, who took the car and burned it. The point is made that the evidence related to other crimes, and was not admissible under section 597, Civil Code of Practice. As Searcy denied all participation in the alleged crimes, the action of the court in permitting him to answer cannot be regarded as prejudicial.

4. Section 639, Kentucky Statutes, providing, "All statements or descriptions in any application for a policy of insurance shall be deemed and held representations and not warranties; nor shall any misrepresentations, unless material or fraudulent, prevent a recovery on the policy", applies to the policy as well as the application. Niagara Fire Ins. Co. v. Mullins, 218 Ky. 473, 291 S. W. 760. The point is made that the court erred in not instructing that if the representation as to the cost of the machine was both false and fraudulent, there could be no recovery. By instruction No. 3 the court did submit the issue whether the representation was false and material. The court was not required to give all the law of the case. The instruction was proper as far as it went. If counsel desired the issue of fraud submitted, he should have offered an instruction on that phase of the case. None was offered, and the action of the court in failing to instruct on that issue was not error.

The court did not err in refusing an offered instruction to the effect that there could be no recovery if the actual cost of the automobile, including equipment, was less than $600. The objection to this instruction is that it avoided the policy if the representation was false, without regard to whether it was material or fraudulent.

On the whole we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.