# Clifton v. McMakin et al.

Nov. 14, 1941.

814

D. E. Wooldridge for appellant.

J. Ballard Clark for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is an independent action filed by plaintiff and appellant, Auline Clifton, in the Oldham circuit court against appellees and defendants below, Anita McMakin and Robert P. McMakin, seeking a new trial of a case of the same style and in the same court which sought the recovery of damages sustained by plaintiff in a collision on a public highway by defendants' automobile colliding with plaintiff, a pedestrian thereon. The jury in that case returned a verdict in favor of defendants. Plaintiff's motion for a new trial was overruled and she prosecuted an appeal to this court. We affirmed the judgment in the case of Auline Clifton v. Anita McMakin et al., in an opinion this day delivered, and which will be reported in 288 Ky. 806, 157 S. W. (2d) 81. The grounds averred in this independent action to obtain a new trial of that case were, (1) the alleged discovery of new evidence of which plaintiff was not aware at the time of the trial, nor could she have discovered it by the exercise of ordinary diligence, and (2) fraud on the part of defendants in the introduction of their testimony at the trial of the original case.

The testimony of the newly discovered witness was filed as an exhibit with the petition to which the court sustained defendants' demurrer filed thereto, and dismissed it, from which judgment plaintiff prosecutes this appeal. She made as a defendant in this proceedings for a new trial the indemnifying insurance company

that had issued to defendants its indemnifying policy against accidents in the use of their automobile, and the demurrer filed by it to the petition was also sustained, and of which ruling no complaint is made on this appeal, since it is obvious that the action against it for a new trial in a case to which it was not a party (even if it could have been joined in the original action) could not in any event be sustained, for which reason this opinion will be directed solely to the issues attempted to be raised against the personal defendants.

At the original trial one Ras Warner gave his deposition and he testified that one "Tom" Adams was riding with him in his (Warner's) automobile some one hundred yards or less behind the one driven by Anita McMakin, and that he as the driver of his automobile saw the collision of defendant's car with plaintiff, and which he described as occurring in a manner rendering defendants guiltless of carelessness, and that the accident occurred in a manner to excuse defendants from liability. The alleged newly discovered witness was "Joe" Adams, who was in fact the one riding with Warner on the occasion in question, but the latter had no doubt mistakenly referred to him in his deposition as "Tom" Adams; however, "Joe" Adams had been subpoenaed by defendants and the subpoena returned duly executed on him by the sheriff several days before the trial, thus informing plaintiff that "Joe" Adams was a witness expected to be relied on by defendants. Both Warner and Adams lived within the jurisdiction of the court and were each reachable by subpoenas and could be compelled to personally attend court through such process. But Warner informed defendants and their counsel that his employer would not agree for him to be absent on the day set for trial and it was agreed between counsel that his deposition might be taken, which was done on the night before the commencement of the trial next morning, and at the taking of which counsel for both sides were present. Joe Adams, in the testimony he gave in the form of a deposition (and which is filed with the petition in this case) admitted that he was in the Warner car at the time designated by its owner, but he contradicted Warner in some material statements in the latter's testimony and said that the automobile in which they were following the one driven by Anita McMakin was not sufficiently close to it for

him to see the accident, and that it occurred before the car in which he and Warner were riding arrived some three or four minutes later. He then described the local conditions he saw, coinciding with the testimony given by other witnesses.

It will be perceived that ground (1) relied on to obtain a new trial in this independent action is exclusively alleged newly discovered evidence which could not have been discovered by the exercise of ordinary care. It consists solely in contradicting in some material respects the testimony of Warner given at the original trial. In Volume 14 of West's Kentucky Digest, Key Number System 99 to and including 107 under the heading of "New Trial" there is listed a great number of cases from this court construing a litigant's right to a new trial for newly discovered evidence. A consultation of them will disclose—as is set out in Subsection 7 of the annotations to Section 340 of our Civil Code of Practice—that "The general rule governing applications for new trials upon the ground of newly discovered evidence are: 1. That 'the names of the witnesses who have been discovered' must appear. 2. That the party has been vigilant in preparing his case for trial. 3. That the new facts were discovered after the trial and would be important. 4. That the evidence discovered will tend to prove facts which were not directly in issue on the trial or were not then known, nor investigated by the proof. 5. That the new evidence is not merely cumulative. Price's Adm'r v. Thompson, 84 Ky. 219, 1 S. W. 408, 8 Ky. Law Rep. 201; Cahill v. Mullins, 101 S. W. 336, 31 Ky. Law Rep. 72; Illinois Cent. R. Co. v. Wilson, 103 S. W. 364, 31 Ky. Law Rep. 789, 793; Brady v. B. & B. Ice Co., 239 Ky. 170, 39 S. W. (2d) 252." Further along in that annotation the case of Gilbert v. Pace, 241 Ky. 547, 44 S. W. (2d) 521, is referred to and in the syllabus thereto it is said: "Newly discovered evidence, merely cumulative or impeaching, does not warrant a new trial."

In the case of Server v. McGahan, 256 Ky. 332, 76 S. W. (2d) 1, 3—likewise referred to in the same annotation—we said: "It is the well-settled rule that applications for a new trial on the ground of newly discovered evidence are not favored and should be discouraged, and new trials based on this ground are reluctantly granted, and, when disputed matters have been fully

litigated, the courts will not reopen a case for the purpose of enabling the defeated party to introduce new evidence unless the reasons therefor are very strong. Woods v. Kentucky Traction & Terminal Co., 252 Ky. 78, 65 S. W. (2d) 961.'' Other cases to the same effect are cited in the Server opinion, as well as many others to be found in the sources referred to supra, all declaring the adopted policy by this court to not grant a new trial for newly discovered evidence unless due diligence is exercised by the applying litigant to discover the testimony at or during the trial; that ordinarily discovered cumulative or impeaching evidence will not be sufficient; that the alleged discovered testimony must be of sufficient weight and materiality to be calculated to produce a different verdict, and it must be positive and certain and not contradictory in itself. Perhaps other requirements are also essential, but measuring the alleged newly discovered evidence in this case by the approved standards we are convinced that the showing made in the petition for the new trial was insufficient to obtain the relief solely on the ground of newly discovered evidence.

In the first place the petition in averring the diligence exercised by plaintiff only said: ''That the plaintiff used every effort and diligence to ascertain before trial all persons and facts regarding said accident, but neither she nor her Counsel knew that the said Ras Warner claimed he saw said accident, or was to be a witness in the case (although an executed subpoena on him was a part of the files for the previous week or more) until his deposition was given at the time stated, and plaintiff did not know of same until the case was tried.'' It is doubtful if that statement could be characterized as anything more than a conclusion, since no proper effort to discover the facts is disclosed.

From the fact that Joe Adams had been subpoenaed in the case and due execution thereon made and filed with the papers a week or more before the trial, plaintiff was informed that he was at least supposed to know some material fact beneficial to defendants who had subpoenaed him, and ordinary prudence would have suggested that he was the Adams who was riding with the witness Warner, instead of a ''Tom'' Adams which, no doubt, was mistakenly given by the witness in his deposition. At any rate, plaintiff was thereby notified that Joe Adams was the witness desired and he could easily

have been found and interrogated before the day of trial. However, plaintiff did not see proper to pursue that course and went to trial taking her chance as to what the verdict might be. Cases are numerous to the effect that the circumstances as shown and related herein, fall far short of the necessary diligence to make newly discovered evidence available and effective on a motion for a new trial.

Moreover, the alleged discovered evidence is merely contradictory of that given by Warner, and is therefore an impeachment of his testimony. Likewise, the testimony of Adams, filed as an exhibit with the petition, is not itself positive on the crucial point involved. He was asked: "So far as you know you all didn't follow Miss McMakin's automobile as you drove down the road?" To which he answered: "Well, if we did I didn't know it. When I am riding in a machine I pay but very little attention to who is in the next car." He was again asked: "Did either you are Mr. Warner see the accident or see how it happened?" To which he answered: "No, sir; I didn't see it happen or know it happened; if he saw it he had better eyes than I did, because we was too far up the road." Such testimony is far from positive contradiction of Warner who testified that he saw the accident; whilst Adams paid "but very little attention" to what was transpiring, and thereby may have failed to see what did happen. The authorities to which we have called attention directly, and by reference, clearly hold that the showing made in this case was insufficient to authorize the relief sought, and which brings us to ground (2), which is also relied on for the same relief.

In the petition, as a support for ground (2), it is averred in substance that defendants knowingly introduced false and perjured testimony; but they are not accused of subordination of perjury, and they no doubt did knowingly introduce the testimony complained of (that given by Warner), but the character of fraud requisite for the obtention of a new trial under Subsection 4 of Section 518 of the Civil Code of Practice, upon which plaintiff no doubt relies (since no such ground is stated in Section 340 of the same Code) is fraud affecting and relating "to jurisdictional matters, and not such as are available as a defense." Metcalf v. Metcalf, 250 Ky. 202, 61 S. W. (2d) 1083, 1084, and other cases referred to in that opinion.

It is further argued in support of this ground that counsel for defendants, between the time Joe Adams was subpoenaed as a witness in the case and the day of trial conversed with him and learned that he would testify that he had not seen the collision and knew nothing about how it occurred, and that counsel then informed him that "there will be no use for you to come if you don't want to. That is just up to you." That occurrence is furnished only by the testimony of Adams filed as an exhibit with the petition, and which clearly shows that counsel for defendants did not procure the nonattendance of Adams at the trial, but left the determination as to whether or not he would attend in response to the subpoena, entirely with him, and which does not disclose any culpatory conduct on the part of counsel as a basis for sustaining ground (2).

In conclusion it may be said that it is the policy of the law that there should be an end to litigation. But it is conceived that instances might occur where unknown and unavailable testimony was later discovered which could not with reasonable diligence have been discovered at or before the trial. However, in order for the case to be opened and the litigation to continue the practice, as developed requires that strict adherence to the rules under which a new trial may be granted to let in newly discovered evidence, as we have hereinbefore pointed out, must be followed, but which we conclude was not done in this case for a number of reasons, some of which we have pointed out and discussed in the course of this opinion.

Wherefore, for the reasons stated, the judgment is affirmed.