# Clifton v. McMakin et al.

Nov. 14, 1941.

D. E. Wooldridge for appellant.

J. Ballard Clark for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On the late afternoon of September 9, 1939, an automobile driven by appellee and a defendant below, Anita McMakin, on state highway No. 22 about one mile west of Buckner, Kentucky, collided with appellant and plaintiff below, Auline Clifton, producing severe physical injuries from which she finally recovered. Anita McMakin, the driver of the alleged guilty automobile was at the time on a mission serving her father, the other appellee and defendant below, Robert P. McMakin. Plaintiff later filed this action in the Oldham circuit court against both of them to recover damages for her injuries. At the trial a verdict for defendants was returned and plaintiff's motion for a new trial was overruled, followed by this appeal to this court. Only two grounds for a reversal of the judgment are contained in the motion for a new trial, and argued in brief, and which are, (1) that the verdict is flagrantly against the evidence, and (2) erroneous instructions, each of which will now be considered and determined; but before doing so we will make a brief statement of the salient facts as disclosed by the testimony.

Defendant, Anita McMakin, was traveling west from LaGrange, Kentucky, to which place she had gone to obtain some ice needed by her father in preserving

milk which he intended to market. In returning she passed through the station of Buckner through which runs the Louisville and Nashville Railroad. The collision occurred about one mile west of that place. She had just rounded a curve in the road and plaintiff resided some short distance beyond its peak. Defendant was traveling some thirty or thirty-five miles per hour and as she arrived opposite the home of plaintiff—who resided with her father in a residence on defendant's right side of the road—she observed a passenger bus standing on her left side of the road which was the opposite side from plaintiff's residence. When she got close to the point where the bus was stopped she testified that plaintiff suddenly came from behind it, having alighted therefrom from its right side traveling in the opposite direction. After making her exit therefrom plaintiff went around the rear end of the bus and suddenly appeared in the highway and into the path of defendant's automobile, so that she was unable to prevent the collision, which she attempted to do, according to her testimony, and that she gave signals of her approach with the horn.

Plaintiff testified that in emerging from around the bus she looked both ways and saw no automobile and then started across the road, the surface of which was only seventeen feet wide at that point. There is a vague but insufficient effort to show that the collision occurred on the berm of the road next to the residence of plaintiff's father, or, perhaps, on the grass plot between it and the front fence of her father's premises, and which is attempted to be established by the finding of some trinkets in plaintiff's possession on the berm when she was struck; but the evidence clearly shows that the collision was with the left part of the front bumper of defendants' automobile, and plaintiff was knocked or dragged some distance before she was released, there being a dispute as to the distance. However, no effort was made, either by express statements or other circumstantial facts, to sustain that contention, and it is quite clear from the evidence as a whole that the collision actually occurred on the surfaced side of the road next to plaintiff's home, and which was within the path of defendants' approaching automobile. The bus, which was stopped on the opposite side of the road, was not entirely off of its surfaced part, and whatever width it occu-

pied reduced the remaining width of its entire seventeen foot surface, which narrowed its remaining surface on which defendants' automobile was traveling at the time. So that, when plaintiff emerged from the rear of the bus there was only a narrow space of the surfaced road remaining and she was necessarily at that time close to the path of defendants' vehicle. The general statement as so made embodies the architectural drawings of the situation as attempted to be shown by each litigant, though they each rely on some scattering circumstances to establish their respective contentions and to refute that contended for by the other one; but all of which were matters exclusively for the determination of the jury and from which we conclude that ground (1) need not be further discussed, and which is not seriously urged by counsel in his brief filed in this court.

2. The determination of ground (2) calls for a more extended consideration. To begin with plaintiff's petition makes no effort to aver specific acts of negligence, her counsel in drafting it contenting himself with a general charge of negligence and which was limited and confined to nonobservance of duties affecting and relating to the *operation* of defendants' automobile at the time, the averment being that she "so carelessly and negligently operated an automobile  *  *  *  at the above mentioned time and place, that same was caused to run into and collide with the plaintiff," &c. The cause of action, therefore, was specifically based on negligent *operation* of defendants' vehicle. General charges of negligence ordinarily permit proof of any specific act of negligence embraced by the general charge, and under it the pleader may prove any specific act of his adversary which may be so classified or embraced within the sphere of the general charge; but a litigant under such averment may not prove or rley upon any negligence not so embraced. Plaintiff in this case, under her general allegation of negligence on the part of the defendant, could prove any act or conduct of defendant committed in the *operation* of her automobile at the time, though forbidden to prove any act or conduct not so embraced in the charge. When opposing litigants—as did defendants in this case—deny the general charge of negligence in the broad language in which it is averred, they put in issue every specific act of negligence provable under the general charge as made in the petition,

thus casting the burden on the asserter of negligence to prove any and all specific acts thereof upon which the pleader, under the law, could rely. Therefore, under the pleadings in this case the burden was on plaintiff to prove every act of negligence connected with the operation of defendants' automobile, such as failure to give signals of her approach; failure to keep a lookout for traffic on the road ahead, and all other specific duties imposed by automobile operators on the highway.

Instruction No. 1 to which the argument of counsel is directed, says: "It was the duty of the driver of defendant's automobile, at the time and place described in the evidence, to operate the automobile at a reasonable rate of speed, keep a lookout for persons and vehicles on the road, keep her car under reasonable control, and give reasonable warning by sounding the horn or other signal of the approach of the car and exercise ordinary care to avoid colliding with plaintiff; if the Jury believe from the evidence that the driver of defendant's car failed to observe any one or more of these duties and as a direct result of such failure, if any, the plaintiff was injured, the law is for the plaintiff; unless the Jury so believe it should find for the defendant."

This is a civil case, and therefore, one where the court is not required to give the whole law of the case without being requested to do so by an offered instruction submitting the issue contended for. It is the settled declared practice that if an instruction in a civil case is good and sufficient so far as it goes, the omission to extend it, or to embrace within it some independent issue, will not render the instruction erroneous as to the issues embraced in it, and if a litigant desires the submission of any omitted issue it is his duty to offer an instruction to that effect. See 64 C. J. pages 818 to and including 824, embracing Sections 678 and 679. In note 46 to the text on page 823 thirteen Kentucky cases are cited supporting our statement of the rule, one of which is Yorkshire Insurance Company v. Kirtley, 243 Ky. 162, 47 S. W. (2d) 922. A case written since that text, and since the notes thereto were compiled, is that of High Splint Coal Company v. Hugh Cowans, 288 Ky. 66, 155 S. W. (2d) 488, decided October 24, 1941. See, also, Stanley's Instructions to Juries, Sections 8 and 24.

The brief of counsel admits that instruction No. 1 (inserted supra) submitted the duty on the driver of the

alleged guilty automobile (a) to operate it at a reasonable rate of speed; (b) keep a lookout for persons and vehicles on the road; (c) keep the automobile in reasonable control; (d) give reasonable warning by sounding the horn or other signal on the approach of the car, and (e) to exercise ordinary care to avoid colliding with plaintiff. Certainly the instruction was good as far as it went in the submission of those issues, and if plaintiff desired additional submissions it was her duty to offer instructions to that effect, but none such were offered by her. Therefore, the chief case relied on by appellant's counsel of Nowak v. Joseph, 275 Ky. 470, 121 S. W. (2d) 939, has no application, since in that case— as is expressly stated in the opinion—appellant offered instructions covering the points contended for by him, which the court refused, and we said in our opinion that "Appellant having offered instructions covering both of these questions it became the duty of the court to give correct instructions thereon." Appellant not having practiced her case as was done in the Nowak one she may not now complain of the alleged error of the court upon which she relies and forming the basis of her criticism, since the time, place and manner of doing that was at the trial by offering instructions upon the issues which she now claims the court did not incorporate in its criticised one.

Moreover, as we have seen, the burden was on appellant to prove each act of negligence upon which reliance may be had under her *restricted* general charge. The alleged omitted acts from instruction No. 1 were not proven or attempted to be proven at the trial; an illustration of which is that the court failed to describe the character of horn or signal giving apparatus with which defendant should equip her automobile; but there was no evidence in the case whatever to show that the horn with which it was equipped was an insufficient one and such as did not comply with statutory requirements. The same is true with the other criticisms of that instruction, and all of which is attributable to plaintiff's pleading, her absence of proof, and the failure to offer instructions. Other cases are cited and relied on in support of counsel's criticism of instruction No. 1, but when examined and analyzed they are found to be in the same condition as was the record in the Nowak case, and the condition of the record in each of them was such as to

raise and present to this court the questions determined therein, but which, as we have seen, is not true with the instant record. The alleged omitted submissions in the complained of instruction would have been proper had there been testimony in support of them. The burden was on the plaintiff to furnish that testimony and to establish every provable act of negligence under the charges as made in her petition. But no proof was offered in support of them, it being directed only to the issues which the court did submit to the jury by the criticised instruction. Therefore, plaintiff not having introduced proof, nor offered an instruction covering or embracing the alleged errors or omissions of the court, she, under the well established practice supra, may not complain thereof on this appeal.

Instruction No. 2, of which criticism is also made, said to the jury that "it was the duty of the plaintiff, Auline Clifton, in crossing the road, to exercise ordinary care as herein defined for her own safety," &c. It is argued that the instruction made no specification of her duties, and that there was no definition of ordinary care contained in that instruction, notwithstanding instruction No. 4 defined ordinary care correctly and as has been approved by this court in an unbroken line of decisions. It is complained that there was nothing said in instruction No. 2 about plaintiff's right to use the road in crossing it, nor did it state what plaintiff's duties were in crossing the road, but which omission it occurs to us—even if erroneous—was more favorable to plaintiff than to defendant, since it failed to impose upon her the duty to look for approaching cars, or to perform other cautious acts for her protection, and which is the only imposed duty that we can surmise that the law required of her. So that, we repeat, if such omission could be classified as erroneous it operated to the benefit of plaintiff and not the defendant.

There was other evidence in the case than that of defendant as to how the accident happened, and proving the conditions testified to, to support the verdict of the jury, and, since the record does not present, in a form to be considered by us, the alleged errors in the instructions, it follows that we are without authority to disturb the judgment, and it is affirmed.