# Payne v. Louisville Ry. Co.

May 4, 1943.

Fielden Woodward and Woodward, Dawson & Hobson for appellant.

Ogden, Galphin, Tarrant & Street for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

This action was filed to recover damages for injuries sustained by the appellant, William H. Payne, when two windows of a streetcar in which he was riding broke and showered him with glass.

Counsel for appellant in his opening statement to the jury stated in substance: Payne "boarded the car

just as a storm or thunder shower and wind began. * * * Just as they got at or near Second and Chestnut Streets * * * two adjoining side windows on the left side of the car broke and pieces of glass from those windows struck Payne in the face.''

Counsel for appellee in his opening statement admitted the correctness of the opening statement for the appellant and stated that the evidence for the appellee would establish that: the car had been inspected and found to be in good condition on the morning of the accident; immediately before the window broke the wind was blowing so strongly that trees were blown down, boxes and baskets were being blown through the air and passengers heard a noise as if something had struck the car near the windows on the left side; just as this noise was heard a truck passed near the left side of the car; right after the accident a passenger ''saw a fresh mark where the paint had been scraped away, as if something had struck the side of the car at or between the two windows that were broken.''

At the conclusion of the opening statements the trial court directed a verdict for the appellee. In so doing he assumed that the doctrine of res ipsa loquitur was applicable but was of the opinion that the explanation of the defendant, as contained in the opening statement of its counsel, afforded ''a reasonable explanation of the occurrence.'' In arriving at this conclusion the court treated the opening statements as taking the place of evidence. This was unauthorized to the extent that the defendant's opening statement was accepted as true. We have approved the practice of directing a verdict where it appears from the opening statement that counsel is unable to prove facts essential to a recovery. Carter v. Aetna Life Ins. Co., 272 Ky. 392, 114 S. W. (2d) 496. And, where it is agreed that the opening statements might be taken as the evidence, the statement in behalf of the defendant may be considered in determining the right of the defendant to a directed verdict. But the record before us shows no such agreement. There is actual dispute as to facts since counsel for appellee state in their brief that the car was stopped when the windows broke, while counsel for appellant insist that the car was moving. The trial court was therefore not authorized to consider as true the opening statement of the defendant and direct a verdict for the defendant on

the strength of it. We must determine the correctness of the court's action in directing the verdict in the light of the pleadings and the opening statement for the plaintiff.

There is a conflict of authority as to whether the doctrine of res ipsa loquitur is applicable in the case of a passenger injured by the shattering of the glass in a window in the absence of any evidence as to the cause of the breaking of the glass. In Bressler v. New York Rapid Transit Co., 277 N. Y. 200, 13 N. E. (2d) 772, the New York Court of Appeals held the doctrine applicable without mentioning earlier cases in the lower courts of the state holding to the contrary. See cases referred to in annotation in 29 A. L. R. 1262. The New Jersey court holds the doctrine applicable. Wirth v. Hudson & M. R. Co., 119 N. J. L. 25, 194 A. 143. Other courts hold that the doctrine is not applicable. Cleveland R. Co. v. Sutherland, 115 Ohio St. 262, 152 N. E. 726; Sommerfield v. Chicago, N. S. & M. R. R., 173 Wis. 191, 180 N. W. 847 849.

We find it unnecessary, however, to align ourselves on either side of this controversial question since it is our conclusion that even though it be assumed that the doctrine is applicable, nevertheless the verdict was properly directed for the defendant in view of the opening statement for the plaintiff and the allegations of the petition.

The only allegation of negligence was:

"The defendant and its agents, servants and employees so negligently operated the said street car that a piece of glass from one of the windows * * * was caused to strike this plaintiff in the face."

It is well-settled in our jurisdiction that where specific negligence is alleged recovery may not be had upon proof of any other negligence. Stephenson v. Smith Motor Coach Co., 243 Ky. 153, 47 S. W. (2d) 932; Clifton v. McMakin, 288 Ky. 806, 157 S. W. (2d) 85; Beckwith v. Louisville R. Co., 276 Ky. 499, 124 S. W. (2d) 737; Wigginton's Adm'r v. Louisville R. Co., 256 Ky. 287, 75 S. W. (2d) 1046. In the first case the plaintiff alleged negligent operation of a bus. He was injured by a stone thrown by the wheels of a truck through the windshield of a bus. The court said [243 Ky. 153, 47 S. W. (2d) 933]:

"It is not alleged that the glass in the windshield was defective, or that it was insecurely fastened. The sole ground on which a recovery was sought was the gross negligence and carelessness of the defendant, its agents and servants, in operating and managing the bus. * * *

"It not being claimed that the glass was defective or was insecurely fastened, and there being nothing in the evidence connecting the accident with the movement of the bus, it follows that the court did not err in sustaining appellee's motion for a peremptory instruction."

In the second case, where negligent operation of an automobile was alleged in the petition, it was said [288 Ky. 806, 157 S. W. (2d) 87]:

"Plaintiff in this case, under her general allegation of negligence on the part of the defendant, could prove any act or conduct of defendant committed in the operation of her automobile at the time, though forbidden to prove any act or conduct not so embraced in the charge."

The res ipsa loquitur doctrine was not involved in either of the cases quoted from but the question of pleading and proof was the same as here.

In the light of these authorities, the plaintiff could recover only by establishing negligent operation. The opening statement indicated no evidence as to negligent operation and contained nothing from which an inference as to negligent operation could be drawn. The only possible negligence to be inferred through an application of the doctrine of res ipsa loquitur to the facts stated was negligence in the construction or maintenance of the window, rendering it defective or unsafe. Having relied on negligent operation of the car, the plaintiff could not recover by showing that the window was defective or unsafe. The defendant was called on by the pleadings to defend itself only against a charge of negligent operation. The plaintiff, having failed to establish negligent operation, the cause of action alleged, was not entitled to have his case submitted to the jury.

The trial court arrived at the correct conclusion. It it immaterial that he traveled the wrong route in doing so.

Affirmed.