**Gilla ADKINS, Appellant,**

v.

**The GREYHOUND CORPORATION et al., Appellees.**

Court of Appeals of Kentucky.

May 25, 1962.

R. J. Turley, Turley, Tackett & Geralds, Lexington, John J. Sullivan, Purcell, Ziegler & Sullivan, Cincinnati, Ohio, for appellant.

R. W. Keenon, Stoll, Keenon & Park, Lexington, for appellees Greyhound Corp. and L. F. Benton.

James S. Carroll, Thornton & Carroll, Lexington, for appellees L. M. Winges & Co. and Lee Roy Kinney.

PALMORE, Judge.

While riding as a passenger in one of the front seats of a Greyhound bus Mrs. Gilla Adkins was struck and injured by a rock thrown through the windshield of the bus by the back wheel or wheels of a concrete-mixer truck traveling in the opposite direction. She brought this suit for personal injuries against the drivers of both vehicles and their respective employers. After the taking of depositions supplemented by one affidavit, there being no substantial conflict in the evidence, the trial court sustained motions for summary judgment in favor of all the defendants. Mrs. Adkins appeals, contending that between her and each of the defendants are genuine issues as to material facts, precluding disposition by summary judgment.

The accident happened in July of 1958 on U. S. Highway 68 near the outskirts of Lexington. The bus was moving southward from Lexington toward Harrodsburg. To the left or east side of the highway a new residential subdivision called Twin Oaks was in process of construction, including the laying of concrete streets and building of houses. The defendant Kinney, driving the concrete-mixer, had just delivered a load of concrete for one of the new streets and was on the return trip to his employer's plant in Lexington. He drove onto Highway 68 from Pasadena Drive, an intersecting street which had not yet been graded or paved, and turned to his right toward Lexington just before he met the oncoming bus. It had rained earlier

in the day, and Pasadena Drive was muddy, though the highway was dry. As the truck turned into the highway the bus driver, Benton, noticed mud or dirt flying from its rear wheels, and just before the two vehicles came abreast a limestone rock 2 inches thick by 3 inches in diameter was thrown forward from the top of the left rear wheel assembly of the truck. The bus driver saw it coming and ducked. It crashed through the right side of the windshield of the bus and struck Mrs. Adkins, who was sitting in the right side front seat, on the head.

At the time of the accident the bus was traveling 45 to 50 m. p. h. and was picking up speed. Its driver lived in the vicinity and knew of the construction activity and the unmade condition of the streets in Twin Oaks subdivision. He knew also that it had rained and the ground would be wet. He did not slow or stop the bus upon observing the entry of the concrete-mixer into the highway, but applied his brakes when he ducked to avoid the flying rock.

Appellant contends that in view of the highest degree of care owed by a carrier to its fare-paying passengers the bus driver should have foreseen such an occurrence and, instead of continuing to accelerate the bus, should have slowed or stopped in order to avoid it.

The concrete-mixer was mounted on the rear of a tandem-dual International truck, a large vehicle with two wheels forward and eight in the back. It had no bed, and the rear wheels were not equipped with fenders or mud guards. The drum of the mixer was not revolving. The truck had not been driven through any loose rock or gravel, but before pulling onto U. S. 68 from Pasadena Drive its operator, Kinney, had stopped until an unloaded dump truck going along the highway toward Lexington passed by, and when he fell in behind this dump truck on the road he noticed some rock on its tailgate. Kinney remembers meeting the bus but was unaware of the accident until some time thereafter. He

was going about 15 m. p. h., shifting gears and accelerating as he met and passed the bus.

Mrs. Adkins contends that the truck driver was negligent in operating his vehicle without fenders or similar equipment, in failing to let the bus pass before entering the highway, and in accelerating his speed while approaching the oncoming bus.

 CR 56.03 authorizes summary judgment if it be shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." That the evidence is not in conflict does not, of course, preclude the existence of issues as to material facts. In a negligence case, such as this, whether a party conformed to the standard of care required of him and, if not, whether his failure to do so had a proximate or contributing causal connection with the accident and injury are issues of material fact unless the answer is so clear that there is no room for difference of opinion among reasonable minds. Cf. Clay, Kentucky Civil Rules, CR 56.03, 1960 Supp., p. 117, setting forth text material from Symposium—Summary Judgment—Rule 56, 51 Northwestern L.Rev. 370, 372 (1956), which we accept as a clear and correct statement of the law in this respect. A summary judgment is proper when it is manifest that the party against whom the judgment is sought could not strengthen his case at a trial and the moving party would be entitled ultimately and inevitably to a directed verdict.

██ ██ Conceding for sake of the argument that the bus driver, upon observing the entry of the concrete-mixer onto the highway from wet ground, throwing mud as it approached, should have anticipated the danger, we do not believe he could rightfully be found negligent in failing to apply his brakes. No matter what he had done, short of taking to the fields, the concrete-mixer was bound to pass him anyway. His bus would have been in exactly the same

peril had he slowed or stopped it until the truck went by. As a matter of fact, without the benefit of hindsight it might well be argued that accelerating his speed was the safest tactic of all, in that it reduced the time of exposure to the hazard. As we see it, there can be no inference either of negligence or proximate cause from the handling of the bus, and the summary judgment in favor of Benton and Greyhound was in order. See Risen v. Consolidated Coach Corp., 1938, 274 Ky. 342, 118 S.W.2d 712; Bowling Green-Hopkinsville Bus Co., v. Edwards, 1933, 248 Ky. 684, 59 S.W.2d 584; Stephenson v. Smith Motor Coach Co., 1932, 243 Ky. 153, 47 S.W.2d 932.

Appellant submits that the driver of the concrete-mixer and his employer were negligent as a matter of law on the theory that operating the truck on the highway without fenders or similar equipment violated KRS 189.020, which provides as follows:

"Every vehicle when on a highway shall be so equipped as to make a minimum of noise, smoke or other nuisance, to protect the rights of other traffic, and to promote the public safety."

Just what equipment on a vehicle is necessary "to protect the rights of other traffic" is a question to be answered in terms of ordinary care under the circumstances of the particular case. We believe, however, that reasonable consideration for the safety of others on or near the highway requires the driver of a motor vehicle to see that it is equipped with fenders or other comparable means to prevent or minimize the danger to the public from foreign materials thrown up by its moving wheels. But even if we were unwilling to say as much, at least this would be an issue for the jury, and, since the testimony to the effect that the rock came from the top of the truck wheels was sufficient to establish proximate cause, appellant was entitled to a trial.

Counsel for the truck driver and his employer suggests that although it is common knowledge that the back wheels of a vehicle moving forward will throw dirt to the rear, it would not be reasonable to say the driver should have anticipated the forward propulsion of a rock into the bus. We judge this to be a question for the jury, especially in view of the fact that the truck had just been driven over mud, to which rocks and other debris ordinarily encountered on and near public thoroughfares might be expected to adhere.

To the extent that the judgment dismissed the action against L. F. Benton and Greyhound it is affirmed. To the extent that it dismissed the action as to Lee Roy Kinney and L. M. Winges Company it is reversed and remanded for further proceedings consistent with this opinion.