**Lucille HAYWOOD, Appellant,**

v.

**Dr. Claude L. ALLEN and Beaver Valley Hospital, Inc., Appellees.**

Court of Appeals of Kentucky.

March 25, 1966.

As Modified on Denial of Rehearing Oct. 14, 1966.

**722**

Robert P. Hastings, Louisville, for appellant.

J. W. Howard, Paul E. Hayes, Howard, Francis & Howard, Prestonsburg, for appellees.

CULLEN, Commissioner.

The circuit court entered summary judgment dismissing Lucille Haywood's action against Dr. Claude L. Allen and the Beaver Valley Hospital, in which action Mrs. Haywood had sought damages based upon the claim that in the course of performing a Caesarean operation upon her the doctor, without her consent, had tied off her fallopian tubes. It was the opinion of the circuit judge, from his examination of discovery depositions, that there was no genuine issue as to the material fact of consent, and that it was clear that consent, "either expressed or implied," had been given. Mrs. Haywood appeals from the judgment.

To the extent that the circuit judge found that there was no genuine issue as to *express* consent he was in error, because the depositions show a clear-cut issue on that. However, we agree that the depositions make out a clear case of *implied* consent.

Admittedly, the plaintiff's husband gave his express consent, and the circumstances were such as to show that no one really contemplated that a separate expression would be expected from her. Her consent to the Caesarean section was by implication only and it is not suggested that her implied consent to that operation was in any way inadequate. It is evident that the Caesarean section and the tubal ligation were discussed as a "package deal" and there was a tacit understanding that the ligation would be performed during the Caesarean unless Mrs. Haywood should tell the doctor that she did not want the ligation. Corroborative of her having impliedly consented are the facts that she made no protest when told of the ligation's having been performed and she thereafter continued under the doctor's care without complaint.

The appellant's argument is that there was an actual issue of fact as to implied consent as well as express consent,

and therefore it was not proper for the court to grant summary judgment. However, the appellant clearly could not prevail on the showing she made on the hearing of the motion for summary judgment, and it is manifest that she could not strengthen her case on the trial and that ultimately and inevitably a verdict would be directed against her. Under these circumstances the issue was not "genuine" within the meaning of the rule. See Robert Simmons Const. Co. v. Powers Regulator Co., Ky., 390 S.W.2d 901; Adkins v. Greyhound Corporation, Ky., 357 S.W.2d 860.

The judgment is affirmed.