**Lillie Mae HALL, Administratrix of Estate of Bryant Wilson Stinson, Deceased, et al., Appellants,**

**v.**

**James E. ENGLAND et al., Appellees.**

Supreme Court of Kentucky.

March 5, 1976.

Robert C. Carter, Edwin F. Kagin, Jr., Louisville, for appellants.

James S. Shaw, Mellor & Shaw, Charles D. Goble, Delahanty, Goble & Terry, William O. Guethlein, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

CLAYTON, Justice.

This appeal was taken from summary judgments entered in favor of appellees

England, The University of Louisville and Nunnelley Funeral Home. The complaint filed in this action alleged in part that the appellees had " . . . unlawfully, intentionally or negligently . . . caused the mutilation and desecration of the dead body of Bryant Wilson Stinson . . . (and) [t]he acts or omissions of defendants were . . . (in) disregard of rights."

On February 17, 1969, Bryant Stinson died at the England Boarding Home in Louisville, Kentucky. His body was taken by police ambulance to Louisville General Hospital where he was pronounced dead. A coroner was called and at his behest an autopsy was performed. The body was then transported to Nunnelley Funeral Home and held there for three days. The body being unclaimed it was transferred, pursuant to the provisions of KRS 311.330, to the University of Louisville Medical School where it was held until relatives claimed the body on or about March 5, 1969.

Appellants argue that the failure of James England and Nunnelley Funeral Home to notify "known" relatives of the deceased constituted an actionable wrong under KRS 311.330—England by his failure to notify a relative allegedly known to him and Nunnelley Funeral Home by its lack of effort to find relatives. We do not agree. The statute involved was complied with. The funeral home attempted to locate relatives but was unsuccessful.

While the body of the deceased was being held by the University of Louisville Medical School, Dr. James B. Longley, in response to a telephone inquiry by appellants, allegedly informed appellants that dissection of the body had already begun. In later answers to interrogatories Dr. Longley stated that he had been mistaken and that the body of Bryant Stinson had not been committed to the dissection program. There was ample medical evidence in the record to establish that the body of the deceased had not been dissected but had merely undergone a normal autopsy.

While a valid cause of action for mutilation or desecration of a dead body does exist in Kentucky, the facts of this case are insufficient to sustain the appellants' contentions on this appeal. As stated in *Adkins v. Greyhound Corp.*, Ky., 357 S.W.2d 860, 862 (1962), the granting of "[a] summary judgment is proper when it is manifest that the party against whom the judgment is sought could not strengthen his case at a trial and the moving party would be entitled ultimately and inevitably to a directed verdict."

The judgment is affirmed.

All concur.