## Monroe v. Townsend.

*May 28, 1948.*

*Rehearing denied October 26, 1948.*

J. Ballard Clark, Thos. F. Manby and Clark & Manby for appellant.

James A. Hall, Jr. for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

In this action for personal injuries appellee recovered a judgment of $5,000. She was a pedestrian and appellant the operator of a Ford automobile. The accident took place in LaGrange on December 21, 1945. Admittedly appellant's automobile struck appellee and caused her substantial injuries. His principal ground for reversal is that he was entitled to a directed verdict.

Appellee is the owner of a restaurant on the south side of Main Street in LaGrange, where she acted as

an agent of the Kentucky Bus Lines. The busses of this company customarily stopped to pick up and discharge passengers on the north side of Main Street opposite her restaurant.

The accident happened in the following manner: One of the company's busses was parked on the north side of Main Street about 11:30 A. M. It was headed west on the traveled portion of the street, this position being made necessary because other cars were parked along the north curb line. Appellee received a telephone call regarding a certain bus schedule. She left the receiver off the hook; proceeded across the street to the parked bus; and walked around the front of it to the right hand side so that she could converse through the door with the driver who was seated in the driver's seat. After obtaining the desired information, she walked around the front of the bus and into the street. She had taken but a very few steps when she was struck and knocked down by appellant's automobile, which was proceeding west in the same direction the bus was headed. At the time the accident occurred, the streets were covered with snow and ice.

Only two witnesses testified for appellee concerning how the accident occurred. They were the appellee and the appellant who she called as her witness. She stated that she came around the bus and looked and nothing was coming, and she started walking across the street "watching how I walked." She later stated she looked in a westerly direction but nowhere in her testimony does she state specifically that she looked eastwardly, the direction from which appellant's car approached. She said she was walking "as fast as anyone could walk on ice" and that she was paying particular attention to the street. She did not look either way after starting across the street. She did not see the automobile until just before it struck her, and is uncertain as to whether or not she took another step or two when she did observe it. As she came around the bus, she was very close to it.

Appellant testified he was proceeding west at a speed of 8 or 10 miles an hour; his car was 6 or 8 feet from the front of the bus when he first saw appellee appear; and she was about 8 feet from him at that time. He said he applied his brakes as quickly as he could,

but was unable to stop; and his car traveled about one foot after striking appellee. He also stated that before he started past the bus he blew his horn, although appellee apparently did not hear it.

The testimony of disinterested eye witnesses introduced for appellant clearly established that appellee walked rapidly from behind the bus into the pathway of the oncoming automobile.

The happening of an accident does not raise a presumption of negligence on the part of an operator of an automobile. It was necessary for appellee to prove that appellant failed to exercise ordinary care which proximately caused the accident. It is difficult to find in this record any evidence of such failure.

Appellant was operating his automobile at a conservative speed. It is not shown that he failed to keep a proper lookout or that he did not have his automobile under reasonable control. The evidence indicates appellant did everything possible to avoid the accident immediately upon discovering the peril of appellee.

The only suggested negligence was the failure of appellant to sound his horn, if he did fail to do so as he approached the bus. Section 189.410, KRS, provides as follows:

"Every operator of a motor vehicle, or bicycle when approaching a curve or an obstruction that prevents a clear view of the highway for a distance ahead of 150 feet, shall hold the motor vehicle or bicycle under control and shall give warning by horn or other sound device of his approach."

It is the contention of appellee that the bus obstructed appellant's clear view of the street, and that he was required by the above statute to blow his horn. We do not think the statute applies in this case. The view of appellant was not obstructed by the bus when he was in the driving lane to the left of it. In addition, we do not construe the statute to mean that a signal must be sounded on every occasion when a motorist passes a parked vehicle on a city street.

There is no substantial evidence in this case that appellant was guilty of any negligence that proximately

caused the accident. In such cases we have held that the driver of the automobile is entitled to a peremptory instruction. See Knecht v. Bukshorn et ux., 233 Ky. 329, 25 S. W. 2d 727.

Assuming, however, that appellant was in some manner negligent and his negligence was a cause of the accident, we are convinced that under the facts shown, appellee was herself clearly guilty of contributory negligence. While ordinarily this question is a matter for the jury, when a finding in appellee's favor would be flagrantly contrary to the evidence, a directed verdict should be given. Nugent et al. v. Nugent's Ex'r et al., 281 Ky. 263, 135 S. W. 2d 877. The proof is overwhelming that appellee, with personal knowledge that a "good deal of traffic" could be expected on Main Street, without taking any appreciable precautions hurriedly walked out into that street from behind a large bus where she could not be observed by motorists. A pedestrian is required to exercise ordinary care for his own safety, which includes the duty to observe traffic conditions and to avoid placing himself in a position of peril where the operator of an automobile may be unable to avoid injuring him. See Pryor's Administrator v. Otter, 268 Ky. 602, 105 S. W. 2d 564.

We have held on several occasions that a pedestrian is not required continuously to look for approaching traffic while crossing a street. Murphy v. Homans, 286 Ky. 191, 150 S. W. 2d 14, and Layne v. Cottle, 286 Ky. 221, 150 S. W. 2d 684. The evidence in this case, however, convincingly proved that appellee made no serious attempt to observe traffic conditions *before* she stepped from behind the bus onto the traveled portion of the street. This conclusion is fortified by statements of two witnesses who had heard appellee say that the accident was all her fault and not the fault of appellant.

While her testimony suggests she may have looked both ways before proceeding into the street, the proven circumstances demonstrate that she could not have looked in the direction of appellant's automobile without having observed it. If appellant had been traveling at an unreasonable rate of speed, the question might be different, but the admitted fact that he was traveling slowly indicates his proximity was such that he must have

been observed if appellee had merely glanced in his direction. The situation is similar to that in Nashville, C. & St. L. Ry. Co. v. Stagner, 305 Ky. 717, 205 S. W. 2d 493, wherein the plaintiff stated he was looking for a train at a crossing but did not see it until just before being struck. We held that where the circumstances proved the train could have been seen if the traveler had looked, he would not be heard to say that he looked but did not see.

Upon the whole case we believe the proximate cause of this accident was not the negligence of appellant, but the failure of appellee to exercise ordinary care for her own safety. A peremptory instruction for appellant should have been given at the close of the evidence.

For the reasons stated, the judgment is reversed for procedings consistent herewith.