# Tarter v. Wigginton's Adm'x.

March 25, 1949.

Rehearing denied June 21, 1949.

Ben D. Smith and V. O. Blackburn for appellant.

W. Russell Jones for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

The original appellee in this action died pending the appeal, and the parties will be referred to as they appeared in the Court below.

Plaintiff, a pedestrian, was struck and injured on South Main Street in Somerset by an automobile operated by defendant. After a jury verdict, a judgment was entered for the former in the amount of $5,944.95. The only question we deem it necessary to consider concerns defendant's right to a directed verdict.

The accident happened shortly after 5:00 p. m., on August 14, 1947. Plaintiff, a veterinarian 59 years of age, had closed his wife's place of business located near the intersection of Main and High Streets. He sat down on a stone wall abutting the sidewalk in front of a residence next door, facing Main Street, which is 27 feet wide. This point was some 40 or 50 feet south of the intersection. While he was sitting there his wife with two friends drove up on the other side of the street. They called to him, and he advised them he was coming over.

The street to the south, the direction from which defendant's automobile approached, is straight for some distance (apparently at least 100 yards); there were no parked cars on plaintiff's side; and he does not claim

there was anything to obstruct his vision in that direction. The traffic on the street had been rather heavy that afternoon. Before proceeding to cross, plaintiff stated he looked both ways for traffic, and then:

"I proceeded leading with my right foot stepping off the curb, the curb is about four inches high, it is smooth with the sidewalk, stepped down then I looked again, I made a step, or a portion of a step with my left foot, this time I looked and there was a radiator and bumper right under me, the bumper against my left leg within possibly eighteen inches."

It appears he was, when struck, a little over three feet out in the street. Plaintiff claims, and there is some evidence to the effect, that he was knocked 40 feet up the street by the impact, and there is testimony defendant's car made skid marks for that distance. Plaintiff's only witness who testified about defendant's speed was sitting some distance back off the street. He said he saw defendant's car travel 10 feet before it struck plaintiff, and estimated the speed at 40 miles per hour.

Defendant's version of the accident is that he was driving about 15 or 20 miles an hour; he was looking straight ahead; he saw plaintiff when he was approximately 30 feet away; plaintiff was then on the sidewalk between the corner of a building and a telephone pole, and was facing across the street. Defendant testified plaintiff gave no indication that he was going to cross the street, but suddenly started across "very alertly." Defendant claims he blew his horn and applied his brakes, cut somewhat to the left, but was unable to avoid striking plaintiff. The latter was struck by the bumper and fell over the headlight on the right side. Defendant says he knocked plaintiff five or six feet, and that he came to a complete stop almost immediately after the impact. His testimony is supported by three other witnesses, one of whom was riding with him and two of whom were in an automobile immediately behind him.

Defendant's principal contention is that he was entitled to a peremptory instruction because there was no evidence of negligence on his part, and the facts show definitely that the sole cause of the accident was the failure of plaintiff to exercise care for his own safe-

ty. We do not think it necessary to determine whether or not plantiff's negligence was the *sole* cause of the accident. Assuming, but not deciding, that there was sufficient evidence of initial negligence on the part of defendant, it is crystal clear that plaintiff was guilty of contributory negligence as a matter of law.

The physical facts demonstrate beyond question, and plaintiff's testimony positively proves, that he could easily have observed the approach of defendant's automobile if he had looked in that direction prior to stepping off the curb. No reasonable man could give any credence to plaintiff's statement that he did look in that direction. It would have been impossible to look and not see the approaching automobile. The fact that plaintiff had moved only three feet from the curb, and his testimony concerning his first awareness of the vehicle's presence, is convincing proof that it must have been close upon him and clearly visible.

Since we can give no weight to plaintiff's statement that he looked, we have a situation where a pedestrian blindly steps into a line of traffic on a well traveled thoroughfare at a point between intersections. KRS 189.-570(4) (a) provides that such a pedestrian must yield the right of way to vehicles. Plaintiff failed to do so, and under the particular circumstances here shown, he was guilty of contributory negligence as a matter of law. See Myers v. Cassity, 209 Ky. 315, 272 S. W. 718; Cumberland Grocery Company v. Hewlett, 231 Ky. 702, 22 S. W. 2d 97; Nashville, C. & St. L. R. Co. v. Stagner, 305 Ky. 717, 205 S. W. 2d 493; Monroe v. Townsend, 308 Ky. 123, 213 S. W. 2d 803.

There was no credible evidence that defendant had the last clear chance to avoid the accident, and he was, therefore, entitled to a directed verdict. This should be given if the evidence on another trial is substantially the same.

For the reasons stated, the judgment is reversed for proceedings consistent herewith.