## PASCHALL v. BRANDON.

Court of Appeals of Kentucky.
Feb. 13, 1953.

Nat Ryan Hughes, Murray, for appellant.

Waylon Rayburn, Murray, for appellee.

MILLIKEN, Justice.

In compliance with the peremptory instruction of the trial judge, the jury rendered a verdict of $500 and costs against the appellant, O. T. Paschall, for damages received by the appellee, G. T. Brandon, when his Ford automobile collided at night with the unlighted coal truck of the appellant which was parked on the street in front of his home. Appellant contends that the case should have been submitted to the jury on the question of appellee's contributory negligence.

The coal truck was parked facing north on the east side of Twelfth Street in the City of Murray about midway of the block with its right wheels not more than eighteen inches from the curb. At this point Twelfth Street has a black surface, is at least thirty feet in width, and is straight and level for several hundred feet in either direction from the parked truck. Mr. Brandon, who was taking one of his young business associates home, was driving his Ford north on Twelfth Street at a maximum rate of thirty miles an hour when he collided with the parked truck. A few hundred feet up the street he had deflected his lights for a passing motorist which he believed caused them to be focused so low that they did not shine on the black, high-backed, unlighted coal truck. When he brightened them again the parked truck loomed immediately before him—too close for him to avoid colliding with it. Mr. Brandon and his companion were the only witnesses to the crash, and each testified that the car was under control and despite his effort to veer it to the left, he could not avoid his right front fender colliding with the left back corner of the heavy truck. The Ford was demolished and its occupants injured.

Mr. Brandon based his action upon an ordinance of the City of Murray which prohibited the parking of trucks upon Twelfth Street as well as some other City streets for more than fifteen minutes between 6 p. m. and 6 a. m., and provided a fine for its violation. There is no mention

of civil liability or of negligence in the ordinance. The coal truck had been parked in the same place for more than two days and another automobile had collided with it an hour or so before the Ford did.

Mr. Paschall contends that the real cause of the collision was the fact that Mr. Brandon was blinded by the lights of the car he had just passed, which Mr. Brandon appeared to admit in a deposition he had given but denied when testifying in court. There was conflict in the testimony as to whether the truck was parked in a particularly dark portion of the street.

In Section 1221 of Blashfield's Cyclopedia of Automobile Law, the applicable law is thus summarized:

"Whether or not sufficient care has been exercised in passing a parked or stationary vehicle is ordinarily a question of fact for the jury. Of course, the application of the reasonable man standard to the facts may be obvious, and in such case the court will rule as a matter of law that the party is negligent, or free from negligence."

It is Mr. Paschall's contention that the occurrence of the accident and the apparent force of the impact indicate that Mr. Brandon did not have his automobile under proper control or was not keeping a proper lookout ahead. We have no doubt that the main purpose of the ordinance was to protect the traveling public from the hazard created by unlighted vehicles being parked on busy streets at night. It is true that the parking of such vehicles for fifteen minute periods was permitted and that the accident might have occurred in one of those privileged periods. However, it is common knowledge that one who intends to park an automobile on a public highway at night for only a short time is much more likely to leave its lights on than one who intends to park his car there over night. Whether the appellant knew there was an ordinance regulating parking on the street is not a controlling factor. As stated in Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S.W.2d 564, 566:

"Statutes and ordinances defining duties and regulating traffic are regarded as declaratory of the common law and supplementary thereto. Compliance with their terms does not absolve a motorist from a charge of negligence if he has failed to exercise ordinary care. * * * A violation of the terms of a statute or ordinance is in this jurisdiction held to be negligence per se. But, of course, that negligence must have been the proximate cause of the injury in order to authorize recovery of compensation. * * *"

See cases cited therein; Restatement of the Law of Torts, Section 286. (For an excellent note of the Kentucky case law on this subject see 38 Ky.L.J., page 479.)

In the case at bar, the question is whether the trial judge ruled correctly when he did not submit the issue of Mr. Brandon's contributory negligence to the jury. The happening of an accident does not necessarily raise a presumption of negligence on the part of an operator of an automobile. It is essential that it be shown that the operator failed to use ordinary care. Monroe v. Townsend, 308 Ky. 123, 213 S.W.2d 803. It is the consensus of the court that the evidence in the case at bar leaves sufficient doubt as to whether Mr. Brandon was keeping a proper lookout ahead and had his automobile under proper control as to justify submission of the issue to the jury. The width of the street, the length of the clear view ahead before he reached the truck, the apparent force of the impact, and the scarcity of other traffic are factors which persuade us that reasonable minds may differ in their inferences as to whether Mr. Brandon exercised the proper care. As stated in R. B. Tyler Co. v. Curd, 240 Ky. 253, 42 S.W.2d 298:

"But it is argued that the road was rolling, and in passing over the crest of a hill Curd was blinded by the lights of a car he was meeting and passing which made it necessary for him to stop his car, and, failing in that, he proceeded at his peril. It is true that Curd testified that he was making about 35 miles per hour, but, when he crossed the crest of the hill and met

another car, he slowed down and subsequently ran into the truck. The testimony tended to show that he passed the other car 100 or more feet away from the parked truck. In view of the facts developed, the trial court did not err in denying the motion for a directed verdict."

See, also, 61 C.J.S., Motor Vehicles, § 522, pp. 401, 402.

The judgment is reversed for proceedings consistent herewith.