## KING'S ADM'R v. MATTHEWS.

Court of Appeals of Kentucky.

May 8, 1953.

Dodd & Dodd, Louisville, Albert F. Reutlinger, Louisville, for appellant.

Joseph E. Stopher, Louisville, Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, for appellee.

STEWART, Justice.

This is an appeal from a decision of the lower court, sustaining defendant's motion for a peremptory instruction at the close of plaintiff's evidence. We shall refer to the parties herein as plaintiff and defendant.

Ben J. Johnson, administrator of the estate of Joseph H. King, deceased, plaintiff below, brought this action to recover $25,-000 damages, alleging the deceased died of injuries suffered when struck by defendant's negligently driven automobile. The accident occurred on January 7, 1949, some time just after dark. Defendant, returning home from a shopping trip in downtown Louisville, was proceeding southwardly in the center of three driving lanes on First Street, which is a one-way street south. When she reached the intersection of First and Walnut Streets, she stopped for a red traffic signal. An automobile was in the lane to her immediate right and another automobile was behind her.

Defendant testified that when the light turned green she started forward and was still in second gear, traveling from 12 to

15 miles per hour, when the accident we shall describe happened. An alley enters First Street on the east some 20 or 25 yards south of the Walnut Street intersection. At a point approximately adjacent to this alley, the car next to defendant suddenly swerved to the right. At this moment, defendant observed the deceased pushing a wheelbarrow on the run from the east to the west side of First Street. She stated that when the deceased suddenly appeared in front of her he was only about 5 feet away. She immediately applied her brakes and cut to the right but was unable to avoid striking the deceased with the left front fender of her vehicle. She estimated she brought her car to a full stop in about 10 to 12 feet. The deceased was taken to a hospital soon thereafter where on January 19, 1949, he died.

Plaintiff earnestly contends that, taking his evidence and the reasonable inferences to be drawn therefrom in its most favorable light, the court should have allowed the case to go to the jury.

It is not disputed that the street itself was properly illuminated. Defendant testified that the rear of the car next to her was in line with her front seat just before the mishap. A disinterested witness, Charles W. Wise, Jr., the driver of the automobile immediately behind defendant, corroborated defendant's testimony for the most part. He stated that the car next to defendant was slightly ahead and slightly behind her at different times, but he could not recall which car was ahead immediately before the accident.

■ Plaintiff urges a reversal mainly upon the contention that defendant was not keeping a lookout ahead at the time of the accident. Plaintiff argues that the reason defendant was not directing her gaze forward was because of her admission that she was making an adjustment of her rear-view mirror at the time the deceased was struck. Defendant testified she had rearranged her mirror when she was waiting for the traffic signal to change. Then she stated she pushed it up as she crossed the street, "because the light in back of me was gleaming and shining in my glasses." As

we interpret the record, defendant at no time testified she was not looking ahead when the accident occurred, nor can it be presumed from the act we have mentioned that she failed to maintain a watch in front of her, because the adjustment in question could easily have been made with her hand without diverting her attention from the street.

Plaintiff next maintains that the street was unobstructed, straight, level and well-lit, so that there is no reason why defendant should not have seen the deceased in time to have escaped striking him. He brushes aside the fact that there was another automobile in the lane to her right, obstructing her vision on the side from which decedent approached into her path, by contending that this car and defendant's car were abreast, thereby affording her ample range of vision to have seen decedent in time to avert the accident. Plaintiff relies upon the testimony of Wise to support his view in this respect, but Wise plainly stated, as we have heretofore indicated, that he "couldn't say for sure" which car was ahead just prior to the accident. Thus, defendant's statement that the car on her right was ahead of her and blocked her view of the deceased until the latter suddenly appeared before her at the time of the impact stands uncontradicted and plaintiff's argument on this issue carries its own refutation.

■ In Monroe v. Townsend, 308 Ky. 123, 213 S.W.2d 803, wherein a pedestrian was hit by an automobile, this Court held that the happening of an accident does not raise a presumption of negligence upon the part of the driver in such a case and that where there is no substantial evidence of negligence or failure to exercise ordinary care which proximately causes the accident, the driver of the automobile is entitled to a peremptory instruction. We conclude from our consideration of the record that the collision with the decedent was unavoidable and that it was brought about solely by the decedent's own acts. The trial court was clearly correct in directing a verdict in favor of defendant.

Wherefore, the judgment is affirmed.