Raymond **KELLEY** suing as Administrator of the Estate of Rena B. Kelley, Deceased, Appellant,

v.

Walter **REECE**, Appellee.

Court of Appeals of Kentucky.

Dec. 3, 1954.

Shumate & Shumate, Richmond, for appellant.

George T. Ross and G. Murray Smith, Jr., Richmond, for appellee.

STEWART, Chief Justice.

Appellant, Raymond Kelley, as administrator of the estate of Rena B. Kelley, deceased, instituted an action in the Madison Circuit Court against appellee, Walter Reece, to recover $50,600 damages for the death of his decedent, who was struck and killed by a truck that appellee was driving. Upon trial of this action, a jury returned a verdict for appellee and from a judgment entered an appeal is prosecuted to this Court.

The only questions argued on this appeal concern a part of "Instruction No. 4" and all of "Instruction No. 5." It is claimed the giving of these instructions

constitute a reversible error. However, in view of the fact that we conclude the trial court should have peremptorily directed the jury to find for appellee, for the reason that we believe decedent was contributorily negligent as a matter of law, the submission to the jury of the instructions complained of could not have been prejudicial to appellant.

On the morning of January 7, 1952, while deceased in company with her daughter, Margaret Hagerman, and Betty Kelley, another kinswoman, were standing on the west side of U. S. Highway No. 25, approximately eight miles north of the city of Richmond, waiting for a bus to take them into that city, Don O. Kelley, deceased's brother-in-law, drove up from a southerly direction, traveling north towards Clay's Ferry. Upon seeing deceased along the roadside he pulled off on the other side of the road from her, well off on the shoulder, and deceased then came across to the car to converse with him. The evidence shows that appellee, on this occasion, operating a 1½-ton G. M. C. truck loaded with coal, came down the road from the direction of Richmond, proceeding north towards Clay's Ferry and going the same direction Kelley had been driving. For some reason, about the time the truck came even with the car, decedent stepped into its path and, as a consequence, she was thrown a considerable distance and killed instantly. At the time she met her death a south-bound Greyhound bus was approaching from the opposite direction, and the testimony indicates decedent was probably recrossing the highway in order to board the bus for Richmond.

Appellant introduced three witnesses, namely, Don O. Kelley and the two above-mentioned women who were with deceased. These witnesses all testified that deceased was standing about two or three feet from the paved portion of the road, next to the driver's seat at the side of the car, in plain view of any one driving along the highway; that the truck was going between 60 and 65 miles per hour; that it did not sound a horn; and that no attempt was made by appellee to stop until after the truck struck

deceased. The evidence does not develop the fact that deceased looked in the direction of the oncoming truck before stepping into the highway. According to Don O. Kelley, deceased walked two or three steps onto the pavement in front of the truck and was hit.

Appellee introduced five witnesses who testified that the truck was going between 35 and 40 miles per hour at the time of the accident. These same witnesses also stated deceased was not standing by the side of the car in plain view but, on the contrary, she ran from the front of the car and appeared suddenly in the path of the truck. Appellee and a witness riding with him in his truck testified he sounded his horn some distance from the car in order to warn the driver of it not to pull out into the highway. Their testimony was to the effect that the road where the accident occurred was straight for a long distance, comparatively level and clear of any obstructions in either direction. It was also brought out that there was considerable traffic along this particular stretch of highway.

Appellee moved for a directed verdict both at the close of appellant's and at the close of all the testimony. Both motions were overruled, appellee excepting, and the case was submitted to the jury with the result we have indicated.

Appellant's chief witness, Don O. Kelley, testified deceased stepped upon the main-traveled portion of the highway and had time to walk from two to three steps on the pavement while the truck traveled, according to his estimate, from 100 to 125 feet and made contact with her. Neither Margaret Hagerman nor Betty Kelley, appellant's other two witnesses, saw the truck strike decedent. This evidence plainly indicates that the accident occurred within a matter of seconds after deceased left the Kelley car and started back across the road; and it also necessarily implies that nothing the truck driver could have done in this emergency would have enabled him to avoid colliding with her. The inference is inescapable, we believe, that deceased did not look in the direction of the approaching truck before leaving a zone of safety and going into a pathway open to traffic; for, if she had done this, it is reasonable to suppose she would have seen the truck bearing down upon her only a few feet away when she attempted the ill-fated crossing.

Appellant insists appellee was solely to blame for the accident because he was operating the truck at an unlawful rate of speed, was not keeping a lookout, and did not give warning to deceased by sounding his horn. Conceding, for the sake of argument, appellee was negligent in respect to some or all of these duties initially, appellant still cannot recover because we are of the opinion deceased was contributorily negligent as a matter of law when she failed to look in the direction from which danger might be expected before attempting to cross the road. We believe this case cannot be distinguished in principle from Tarter v. Wigginton's Adm'x, 310 Ky. 393, 220 S.W.2d 829, and that it is controlled by the line of reasoning set forth in that opinion. See also Monroe v. Townsend, 308 Ky. 123, 213 S.W.2d 803.

We have a situation where a pedestrian blindly steps into a line of traffic on a much-traveled highway at a place where it would have been impossible to look and not have seen the oncoming truck. The fact that deceased took only two or three steps before she was struck is convincing proof in itself that the truck driver was so near her at the time he could not possibly avoid the impact. For the reason deceased was guilty of contributory negligence as a matter of law, the lower court should have sustained appellee's motion for a peremptory instruction at the close of appellant's evidence.

Wherefore, the judgment is affirmed.