O. L. CAIN'S ADMINISTRATOR (L. V. Timmons), Appellant,

v.

Troy HOLDER, Appellee.

Court of Appeals of Kentucky.

May 31, 1957.

M. C. Anderson, Wickliffe, for appellant.

Ernest W. Rivers, Williams, Rivers & Melton, Paducah, for appellee.

MONTGOMERY, Judge.

This action was brought by L. V. Timmons as the administrator of the estate of Otis L. Cain, deceased, against Troy Holder. Damages were sought for wrongful death. The jury returned a verdict in favor of Holder. The bases for appeal are: (1) the verdict is not sustained by the evidence; and (2) a new trial should have been awarded because of newly discovered evidence.

The accident occurred on U. S. Highway 62 in the village of Cunningham on October 22, 1955, about 7:30 a. m. There was a blinker caution light where the highway and St. Charles Road intersected in the center of Cunningham. Stores were located on the northwest and southeast corners of the intersection, with a filling station on the northeast corner. The speed limit was 35 miles per hour through the village.

Appellee was the only eyewitness to the entire occurrence. He was driving a 1955 model GMC truck, loaded with 7½ tons of blacktop material. The total weight of the loaded truck was 23,600 pounds. Appellee said that his truck was traveling eastward on the highway in the south lane at 25 to 30 miles per hour and that there was a car parked next to the south lane of the highway about 25 to 50 feet east of the caution light. He first saw Cain about 15 to 20 feet away. He said that the decedent walked from behind the parked car into the path of the truck. Cain was 72 years of age. His vision was impaired. The old man never looked toward the truck and was walking straight across the highway. Appellee swerved his truck to the right, sounded his horn, and applied the brakes, but was unable to avoid striking Cain. The truck was stopped within 90 feet although there was evidence that it *was stopped 250 feet from the blinker light.*

Jimmie Moore was standing across the highway. He saw Cain standing close to the south edge of U. S. 62 and, apparently, about to cross the road. At about the same time, Moore stated, he saw the truck passing in front of the store on the northwest side of the intersection. The evidence is conflicting as to where Cain was located on the highway when struck and where his body came to rest off the north side of the road surface. The evidence also is conflicting as to the speed of appellee's truck and the presence of the parked car.

■ Appellant urges that the verdict is not sustained by sufficient evidence. The verdict does not indicate whether the jury believed appellee to have been free of negligence or the decedent to have been guilty of contributory negligence. There was ample evidence for either finding. Appellant's contention is without basis. Tarter v. Wiggington's Adm'x, 310 Ky. 393, 220 S.W.2d 829; Moberly v. Flynn, Ky., 247 S.W.2d 211; Kelley v. Reece, Ky., 273 S.W.2d 369.

■ It is insisted that a new trial should have been granted to appellant because of newly discovered evidence which was material and could not have been, with reasonable diligence, discovered and presented at the trial. The evidence consists of the testimony of the witnesses, C. H. Bone and W. A. Simmons. It is discretionary with the trial court whether a new trial should be granted on this ground. CR 59.01(7).

■ The witness Bone resided one mile east of Cunningham. He was subpoenaed as a witness by both parties and was present in the courtroom when the case was called for trial. Appellant had about fifteen witnesses present, and announced ready for trial. Immediately before the trial, appellant's counsel obtained permission to examine the witnesses in an adjoining room, which he did collectively.

Counsel asked three questions of the witnesses and received negative answers to all of them from Bone, as well as from some other witnesses. Counsel for appellant excused Bone. After the trial, appellant's counsel was advised by Eulie Brown, one of his witnesses introduced at the trial, that Bone was an important witness. Following inquiry by counsel, Bone made statements concerning the case. Counsel asked Bone why he did not disclose those facts to him when questioned before the trial. Bone replied, "You did not ask me about that; and I told you the correct answers to the questions which you asked me,

and I did not know that testimony would be or was material in the case." .

Bone's answer is sufficient to show that counsel and appellant had not been diligent in the preparation of the case. Bone had been accessible. The trial occurred over seven months after the accident and two months after the action was filed. The pretrial interrogation of Bone was insufficient to disclose his knowledge of the facts of the case. Appellant has failed to show the exercise of proper diligence.

■■ By an affidavit filed with the motion for a new trial, it was shown that Simmons was an authorized dealer of GMC trucks and acquainted with appellee's truck, its brakes, and the operation of such brakes generally. Appellant sought to show that the brakes on appellee's truck were faulty and not in conformity with KRS 189.090. It is contended that such failure is negligence per se and makes a prima facie case of negligence. There are two reasons why a new trial should not have been granted because of this alleged newly discovered evidence. First, the use of evidence concerning the proper operation of the brakes on appellee's truck could and should have reasonably been anticipated by appellant and his counsel. No showing is made that the testimony of Simmons was not or could not have been available at the trial if desired by appellant. There was a lack of diligence shown in obtaining this testimony. Second, under the circumstances of this case, no brakes of any kind could have stopped the truck in time to avoid hitting the victim. Regardless of whether appellee was negligent, the negligence of the decedent would have barred a recovery. The action of the trial court in overruling the motion for a new trial was correct. Sesmer v. Barton's Adm'x, 248 Ky. 15, 57 S.W.2d 1020; Norris v. Payton, 260 Ky. 106, 83 S.W.2d 870; Clifton v. McMakin, 288 Ky. 813, 157 S.W.2d 81; Gray v. Sawyer, Ky., 247 S.W.2d 496; Stockdale v. Eads, Ky., 263 S.W.2d 133.

Judgment affirmed.