**CHESAPEAKE & OHIO RAILWAY COMPANY, Appellant,**

v.

**James TRIMBLE et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1957.

J. K. Wells, Paintsville, Porter M. Gray, Gray & Woods, Ashland, for appellant.

R. B. Harrington, Paintsville, for appellees.

STANLEY, Commissioner.

The appellees, James G. Trimble and his wife, Ruth Trimble, instituted a joint suit for respective personal injuries and for the destruction of Trimble's motor truck in which they were riding when it was struck by a train at a road crossing in the unincorporated village of West Van Lear in Johnson County on December 18, 1953. James G. Trimble was awarded $900 for damages to his truck and $300 for his personal injuries, and Mrs. Trimble was awarded $300 for personal injuries which she sustained. The defendant, Chesapeake and Ohio Railway Company, has filed a motion for an appeal from the judgment entered on that verdict and contends the trial court should have directed a verdict for it on either or both grounds that there was no evidence of negligence on its part or the evidence proved the plaintiffs were contributorily negligent as a matter of law.

The small truck was being driven by Mrs. Trimble. Her husband and sister-in-law were with her in the cab. As the truck, traveling south, approached the double-track railroad, an eastbound train was passing over the crossing. The truck was stopped 15 or 20 feet from the westbound track. Mrs. Trimble testified cars on a spur track and a small pump house blocked her view. When the train had cleared the crossing the truck was started and was moving slowly

when it was hit back of the driver's cab by a westbound train.

The evidence of the two plaintiffs and their sister-in-law concerning the sounding of the locomotive whistle or bell does not go much beyond saying they did not hear such signals, but the evidence of three trainmen and of two disinterested bystanders is positive that proper signals were given. We need not decide the sufficiency of the proof of negligence on the part of the railroad company to take that issue to the jury, but turn our attention to the issue of contributory negligence.

The railroad company's evidence is that the track is straight for 600 feet east of the crossing and that neither cars on the spur track nor the small pump house obstructed the view of an approaching train.

It is clear that after the plaintiffs had waited for the eastbound train to pass over the crossing, they went ahead onto the westbound track and almost got across before the engine struck the car. To be more particular, we quote the testimony of Mrs. Trimble.

"Q. When you were seven feet from the track, and could see up to the station, you were going slow enough to stop if you had seen a train? A. Yes, sir.

"Q. Do you know how far it is from the station to the crossing? A. No, I couldn't say.

"Q. Could you estimate it? A. I couldn't say, two or three hundred feet, I imagine, I wouldn't say for sure.

"Q. When you were seven feet from the nearest track you could see two or three hundred feet up the railroad track and no train was in sight? A. That's right.

"Q. Did you look toward the station, when you were within seven feet of the track? A. No, I don't know as I did. I went on and was changing gears when this happened."

The engineer testified that when the engine was within 200 feet of the crossing he saw the truck 25 or 30 feet from it and "contemplated" the driver would stop, but the truck came on. When he saw that it was not going to stop, he applied the emergency brakes, but the train could not be stopped before it hit the truck.

The parties were familiar with this crossing. They must have been aware of the possibility that a train might be coming on the westbound track. It is to be noticed that this is not a case where a train had passed on the track nearest the automobile and it was hit by a train on the far track. The westbound track was clear, and it must be said that had they looked before proceeding across it they would have seen the train. The pump house was a very small structure located at the edge of the railroad right of way, 25 or 30 feet from the highway and about the same distance from the westbound track. The freight cars standing on the spur track were 150 or 200 feet from the crossing. So, it is inconceivable that the parties attentively or consciously looked but did not see the oncoming train when it was 200 feet away, thus bringing themselves within the rule that one will not be heard to say in order to absolve himself from negligence or contributory negligence that he looked and did not see what was perfectly obvious and in plain sight. Nashville C. & St. L. Ry. Co. v. Stagner, 305 Ky. 717, 205 S.W.2d 493; McCarter v. L. & N. R. Co., 314 Ky. 697, 236 S.W.2d 933; Hunt's Adm'r v. Chesapeake & O. Ry. Co., Ky., 254 S.W.2d 705. The attention of the parties in the automobile was doubtless fixed upon the passing eastbound train. Its clang and clatter drowned out the sound of the approaching westbound train and any warning signal it may have given, so the condition called for special alertness in looking to ascertain whether a train was approaching on the other track. And if, in fact, the standing cars obscured the driver's view farther down the railroad, that fact but added to the degree of caution demanded by ordinary care commensurate with the danger of im-

mediately going upon the nearer track. Layman v. Chesapeake & O. Ry. Co., Ky., 266 S.W.2d 111. The plaintiffs' testimony confirms that of the engineer that the truck moved onto the track when the engine was not farther than 200 feet away. If there was any negligence of the railroad company, it was confined to the failure to sound the statutory signals. Let it be assumed that those signals were not given. Still, the plaintiffs drove in front of the train without regard for its presence and the imminent peril. It seems to us that the plaintiffs' own evidence, viewed in the light of the admitted attendant circumstances, established contributory negligence as a matter of law. Louisville & N. R. Co. v. Hurst's Adm'r, 220 Ky. 402, 295 S.W. 458;

Nashville C. & St. L. Ry. Co. v. Stagner, 305 Ky. 717, 205 S.W.2d 493; McCarter v. L. & N. R. Co., 314 Ky. 697, 236 S.W.2d 933; Hunt's Adm'r v. Chesapeake & O. R. Co., Ky., 254 S.W.2d 705; Layman v. Chesapeake & O. R. Co., Ky., 266 S.W.2d 111; Louisville & N. R. Co. v. Hines, Ky., 302 S.W.2d 553.

The defendant made a timely motion for a judgment notwithstanding the verdict. CR 50.02, 50.03. We think the motion should have been sustained. Accordingly, the motion for an appeal is sustained and the judgment is reversed with directions to enter judgment for the defendant.

Judgment reversed.