UNITED STATES of America,
Plaintiff,

v.

Leslie LOBB and Kentucky Limousine,
Inc., Defendants and Third-Party-
Plaintiffs,

v.

FORD MOTOR COMPANY, Third-Party-
Defendant.

Civ. A. No. 3836.

United States District Court
W. D. Kentucky,
at Louisville.

March 24, 1961.

William B. Jones, U. S. Atty., Louisville, Ky., for plaintiff.

H. Foster Pettit, Louisville, Ky., for defendants.

Fielden Woodward, Louisville, Ky., for third-party defendant.

SHELBOURNE, District Judge.

This case was filed August 14, 1959, and came to trial before the Court without a jury on December 16, 1960. There is little dispute concerning the facts.

The plaintiff United States of America, through its Air Force, acquired a 1957 Chevrolet station wagon which was being operated in the City of Louisville, Kentucky, by a member of the Air Force on January 22, 1957. The station wagon was stopped at the intersection of Seventh and Oak Streets in obedience to a traffic signal when it was struck from the rear by a Ford station wagon driven by defendant Leslie Lobb, an employee of E. L. Davis who was operating a taxi line at Ft. Knox under the firm name of Kentucky Limousine, Inc.

The 1957 Ford station wagon involved in this accident was purchased from Osborne Motors, a Ford dealer at Vine Grove, Kentucky, who in turn had acquired it from Ford Motor Company on November 13, 1956.

Shortly after the 1957 Ford station wagons of the model and type of the one involved in this case were in service it was discovered that the station wagons were defective. On September 27, 1956, the defect, a dangerous one, was made known by Ford Motor Company to all of its retail dealers, including Osborne Motors. They were advised that the fuel tank line and the hydraulic brake fluid line were so arranged during assembly that when the station wagons were loaded there was interference between the two lines, and that such interference would damage the brake fluid line, causing a loss of brake fluid, and bring about a complete brake failure.

It is not disputed in the evidence in this case that the accident resulted from the brake failure of the 1957 Ford station wagon.

Defendant Leslie Lobb testified that he was never advised of any defect in the 1957 Ford station wagons nor of any

defect in this particular automobile. Davis, operator of the defendant Kentucky Limousine, Inc., was never notified by Osborne Motors or Ford Motor Company that the station wagon was susceptible of having a brake failure just as occurred in this case.

April 27, 1960, the defendants Lobb and Kentucky Limousine, Inc., filed a third-party complaint against the Ford Motor Company charging that the automobile sold through its dealer Osborne Motors to the defendant Kentucky Limousine, Inc., was defective and unsafe and known to be in such condition by the Ford Motor Company at the time the vehicle was sold or prior to the occurrence of the accident.

■ The plaintiff did not seek relief from Osborne Motors nor from Ford Motor Company. Therefore, the situation is that the United States has sued the driver and owner of the Ford station wagon for operating a dangerous instrumentality and has failed to prove that either of the defendants Lobb or Kentucky Limousine, Inc., knew or should have known of the defective and dangerous condition of the automobile. Ford Motor Company could be held liable only as sued in the third-party complaint and in the event the defendants Lobb and Kentucky Limousine, Inc., were found to be liable to the plaintiff.

The liability of Ford Motor Company, if sued by the plaintiff, would be controlled by C. D. Herme, Inc. v. R. C. Tway Co., Ky., 294 S.W.2d 534.

■ The absence of liability of the defendants Lobb and Kentucky Limousine, Inc., is under the rule that negligence is not presumed. Paschall v. Brandon, Ky., 255 S.W.2d 51; Monroe v. Townsend, 308 Ky. 123, 213 S.W.2d 803.

■ The Ford Motor Company would not be relieved of liability to the plaintiff on the authority of the Kentucky case of Ford Motor Company v. Atcher, 310 S. W.2d 510, on the ground that the failure of Osborne Motors to correct the defective and dangerous situation which caused the brake failure was intervening negligence occurring subsequent to Ford's negligence. The dangerous condition was created in the manufacture of the station wagon and was a continuing dangerous condition. See Comstock v. General Motors Corp., 358 Mich. 163, 181, 99 N.W.2d 627.

It appears, therefore, that the complaint and third-party complaint in this action should be dismissed with costs against the plaintiff as permitted by law, and an order to that effect is entered today.