Elmer Lee BROWN, Appellant,

v.

Angie VANHOOK, Appellee.

Court of Appeals of Kentucky.

April 20, 1962.

Rehearing Denied Sept. 21, 1962.

Hamm, Taylor & Milby, Robert L. Milby, London, John G. Prather, Somerset, for appellant.

Russell Jones, Fritz Krueger, Somerset, for appellee.

CLAY, Commissioner.

The appellee plaintiff recovered approximately $5,000 for personal injuries when she was struck by defendant's truck while crossing a highway. The record discloses a clear case of contributory negligence as a matter of law.

Plaintiff lives on the west side of an 18 foot paved highway in the country, which runs generally north and south. She alighted from an automobile in which she had been riding when it stopped opposite her home on the east side of the highway. As the car drove off (in a northward direction), plaintiff started across the highway. She testified that when she was within two feet of the center line she looked north and saw defendant's truck approaching; at that time it was over 100 yards away and travelling at a speed of from 50 to 60 miles an hour. After making this observation, she continued walking across the road and paid no further attention to the approaching vehicle. She walked about seven feet and collided with the left side of the truck behind the cab door. (This story is so odd as to be startling, but it is plaintiff's version.)

Just prior to the impact the defendant had observed the plaintiff and drove into the ditch on his right in an attempt to avoid her. The truck was partially off the roadway on its right at the time plaintiff was struck.

With difficulty we will assume some negligence on the part of defendant. Did the plaintiff exercise due, or any, care? She says she had observed the approaching vehicle and then deliberately discontinued watching it. She not only failed to keep out of its way but walked blindly into it. Reasonable minds could only conclude that plaintiff's negligence was the principal contributing, if not the sole cause of this accident. Defendant was entitled to a directed verdict. See Tarter v. Wiggington's Adm'x, 310 Ky. 393, 220 S.W.2d 829; Kelley v. Reece, Ky., 273 S.W.2d 369.

The issue of last clear chance was submitted to the jury but it has no application here. The defendant did not have a last clear chance. If anyone had it, it was the plaintiff. See Kentucky & West Virginia Power Co. v. Lawson, Ky., 240 S.W. 2d 843; Saddler v. Parham, Ky., 249 S.W. 2d 945; Johnson v. Morris' Adm'x, Ky., 282 S.W.2d 835; Whitesides v. Reed, Ky., 306 S.W.2d 249.

The judgment is reversed with directions to enter judgment for the defendant.