**Henry J. MARX, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 11037.**

United States District Court
E. D. New York.
May 20, 1955.

Harry I. Kurach, New York City, Louis Feren, New York City, of counsel, for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Joseph F. Soviero, Jr., Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for defendant.

. GALSTON, District Judge.

This is an action brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq., for personal injuries sustained by plaintiff. The complaint alleges that because of the negligence of a driver of a Post Office vehicle, the plaintiff sustained a cerebral concussion and fracture of the base of the left second metatarsal.

The answer generally denies the allegations of the complaint and sets up an affirmative defense of contributory negligence.

The accident occurred on February 21, 1950, on Atlantic Avenue, near its intersection with Fort Greene Place and Fifth Avenue, Brooklyn, New York. The plaintiff was crossing from the north to the south side of Atlantic Avenue. The intersection is comprised of three streets. Running east and west is Atlantic Avenue. On the south side of Atlantic Avenue lies Fifth Avenue, which is a continuation of Fort Greene Place. Fort Greene Place runs into Atlantic Avenue from the north. There was a traffic light on Atlantic Avenue, directly across the street from Fort Greene Place. Plaintiff and his companion, DePetro, testified that the light was in their favor when they crossed. The Post Office driver did not dispute this. He testified that when or as he reached the corner of Atlantic Avenue and Fort Greene Place, the light was against him. As he reached the corner he heard a thump, which later proved to be the sound of the truck hitting the plaintiff. He was not sure whether he had braked for the light before he heard the "thump" or had applied the brakes subsequent to the "thump".

Atlantic Avenue is approximately 70 to 80 feet wide. A center white line divides the roadway. The westbound lane on that particular day was obstructed. There were trucks parked with their rears to the curb and front bumpers parallel to the white line. Secondly there was a stalled bus in that portion of the westbound lane between the front ends of the trucks and the white line. The exact location of the bus with reference to the white line and the corner was disputed at the trial. However, it is not disputed that both the trucks and the bus were to the left of the plaintiff as he crossed from north to south (from the northwest corner of Atlantic Avenue to the southwest corner of Atlantic Avenue).

Defendant's driver, James E. Saunders, was heading westerly on Atlantic Avenue. As he proceeded to pass the stalled bus he noticed two pedestrians, one of whom was the plaintiff, proceed-

ing southerly in front of the bus. Though he applied his brakes, the right rear portion of his truck struck the plaintiff, the right rear wheel going over the plaintiff's left foot.

Plaintiff contended that the truck was passing the bus on the wrong side of the white line, and the major issue for determination was the location of the bus with relation to the white line. Saunders testified that he passed the bus on the bus's left, and that there was sufficient distance of the bus from the white line to enable him to pass to the right of the white line. Plaintiff contends that the bus was so near to the white line that the driver could not have passed the bus on its left without going into the eastbound lane, and that occasioned the accident. Marx and De-Petro had a right to expect traffic only from the east, i. e., their own right. They do not deny that they did not see the truck until it was upon them.

I cannot accept the testimony of the driver in his description of the movement of the two men. He said they were running towards his truck with arms locked. Nevertheless he admitted that it was the right rear of his truck which came in contact with the plaintiff. It is undisputed that DePetro was on the plaintiff's left. It seems then that De-Petro would have been struck too. The truck, therefore, must have swung to its own right from the wrong side of the white line in passing the bus. It had in all likelihood then started to swing back into the westbound lane. Thus the manner in which plaintiff was struck substantiates plaintiff's version of the accident.

Furthermore, the meat trucks backed against the curb and the stalled bus would have occupied most of the forty feet of the westbound lane. Thus this affords additional ground for believing that the Post Office truck passed to the left of the bus and the white line.

The fact that plaintiff did not see the truck until it hit him, and that the driver did not see plaintiff until shortly before the accident, lend added weight to a finding that the truck had swung in from the eastbound lane.

[1] Plaintiff's failure to see a truck swinging over from the eastbound lane onto the westbound lane does not constitute contributory negligence. With the bus on his left, plaintiff could not have seen the Post Office truck even had he looked, and certainly he was not bound to expect westbound traffic in the eastbound lane. Plaintiff may have had a duty to look both ways before stepping off the curb, but as he passed in front of the parked bus, and its proximity to the white line, and proceeded towards the eastbound lane, he could be expected to be diligent only in observing traffic approaching on his right.

■ Defendant's driver's failure to remain in the westbound lane constituted negligence, and was the direct cause of the accident.

■ Plaintiff is entitled to a judgment. He incurred medical expenses of $418.19. He was prevented from working for a period of about a year, so that he lost about $2,500 in wages for that time. In addition he is entitled to be compensated for the pain and suffering which he sustained. That figure may reasonably be set at $5,000 in the circumstances disclosed. Thus the judgment will be for $7,918.19.

Concurrently with this opinion appropriate findings of fact and conclusions of law will be filed.