**Elcany CLARK, Jr., Appellant,**

v.

**Roy SMITSON, Appellee.**

Court of Appeals of Kentucky.

Jan. 20, 1961.

As Modified on Denial of Rehearing
June 9, 1961.

Joe G. Leibson, Leibson, Leibson & Leibson, Stanley A. Stratford, Louisville, for appellee.

STEWART, Judge.

This is an appeal from a judgment of $13,940 rendered in favor of appellee, Roy Smitson, against appellant, Elcany Clark, Jr., for personal injuries received in an automobile-pedestrian accident.

Appellant moved for a directed verdict at the conclusion of appellee's proof and at the conclusion of all the proof. Appellant also moved for a judgment notwithstanding the verdict or in the alternative for a new trial. All of these motions were overruled. On this appeal, as a ground for reversal of the judgment, appellant, at the outset, urges that appellee was guilty of contributory negligence as a matter of law, and as a consequence he was entitled to a peremptory. We conclude this contention has merit, and this obviates the necessity of considering certain other grounds assigned as reversible errors.

The accident occurred at 9:30 p. m. on Saturday, October 30, 1954, on South Main Street, which is also U. S. Highway No. 68, within the city limits of Paris, at a point in the middle of the block between 15th and 16th Streets. The street runs north and south and is four lanes wide, bearing traffic both north and south, the outer lane on each side being used for parking purposes. Automobiles were parked on both sides of the street, leaving only one lane open for southbound and one open for northbound traffic. At the scene of the accident South Main Street is straight and as one travels south, the direction appellant was proceeding, the grade ascends gradually. The accident happened directly in front of the Bourbon County Stockyards, which takes up considerable space on the east side of South Main Street. Directly across the street, on the west side, the Yard House Restaurant is situated and 200 feet farther south the Drover's Inn Liquor Dispensary is located.

Robert H. Measle, Stilz, Rouse & Measle, Lexington, William Blanton, Bradley & Blanton, Paris, for appellant.

Appellant testified he was behind the wheel of his car driving south in his traffic lane at a speed of 25 miles per hour (the statutory speed limit is 35 miles per hour at the particular place involved), and the accident occurred near the center line of the street when appellee collided with his car. Appellant and his wife, who was riding beside him in the car, stated that they did not see appellee until the car struck him. Appellant halted after the mishap, then drove on down the block to park his car. Appellant and his witnesses also brought out these facts: At the time and place of the accident it was dark; an overhead street light provided very little illumination; the pavement was dry; and appellant's car lights were on low, throwing a beam forward approximately 100 feet.

Appellee, on the occasion of his injury, was undertaking to cross South Main Street from the stockyards on the east side to the Yard House Restaurant on the west side. According to his own witness, William Doty Jefferson, he was "walking fast" bent over. Jefferson also testified the Clark car was running about 45 or 50 miles per hour, it was in the middle of the street at the moment of impact, and appellee was struck by the left front fender and the radiator. Appellee was knocked about 90 feet and landed on the east side of, but very near, the center line.

It is argued appellant was negligently operating his car on the occasion it collided with appellee because a jury could find from the evidence (a) he was driving between 45 and 50 miles per hour while in a 35-mile-per-hour speed zone; (b) he was straddling the center line of the street; and (c) he was not keeping a proper lookout ahead for automotive or pedestrian traffic. However, assuming appellant violated any one or all of these duties imposed upon him by law, was appellee chargeable with contributory negligence by reason of the disregard of some precautionary measure he failed to take? We believe that he was.

Ordinarily questions of negligence and contributory negligence are matters for the jury to determine; still, where the proof establishes without contradiction that a pedestrian who is injured has failed to exercise ordinary care for his own safety, he should in such a situation be held guilty of contributory negligence as a matter of law. In leaving a zone of safety and going into a pathway open to traffic, an obligation is placed upon every pedestrian to observe traffic conditions and to avoid placing himself in a position of peril where the operator of a motor vehicle may be unable to avoid injuring him. See Kelley v. Reece, Ky., 273 S.W.2d 369, and Monroe v. Townsend, 308 Ky. 123, 213 S.W.2d 803.

In the instant case, the evidence shows beyond any doubt that appellee walked blindly out into the street and stepped into a line of traffic on a much-traveled thoroughfare at a point between intersections. The testimony positively establishes that he looked neither to the right nor to the left as he proceeded forward. Had he even glanced in the direction from which appellant's car was approaching, he certainly could not have missed seeing it, as all his own witnesses, as well as all the others who testified in this case, stated both headlights on the on-coming Clark car were turned on and the car itself was in plain view.

KRS 189.570(4) (a) reads: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway." This statutory provision is very specific with regard to the duty of a pedestrian to surrender the right of way to a motor vehicle, the pedestrian's rights being paramount in crossing a roadway only when he is in a marked crosswalk or when he is traveling "within an unmarked crosswalk at an intersection." There is no dispute in this case but that there was no crosswalk paint-

ed across the street at the point where the mishap occurred which produced appellee's injury, nor was the site of the accident at an intersection.

The lower court allowed testimony to be introduced to establish that the portion of the street where the accident took place was in fact an unmarked crosswalk, although such a location was at a place other than at a street intersection. This evidence consisted of proof that persons continually crossed and recrossed at all hours the segment of the street in question, with the result that an unmarked crosswalk could be said to have been constituted there by custom or usage. The case of Myers & Clark Co. v. Layne, Ky., 312 S.W.2d 463, is relied upon to support the ruling of the trial judge on this point.

In our opinion the Myers & Clark Company case did not go so far as to hold that a portion of a street, such as that in controversy in this case, could become a designated crosswalk by the practice or method sought to be invoked by appellee. How could a motorist ever know that an unmarked crosswalk had been created on any street at a particular place between intersections, just because people, unknown to him, customarily traveled over such a section of the street? Just how wide could it be said such a crosswalk would be? Or would it shift from place to place according to pedestrian street use? The above-quoted provision of law, which is so clear in its import, would be destroyed as a guide to vehicular travel on streets if we should allow its meaning to be enlarged in the manner contended for by appellee.

Furthermore, there is a sound reason for prescribing the rights and duties of motor-

ists and pedestrians at or near intersections and for pointing out that those same rights and duties do not apply at other portions of the street. This is illustrated by the matter under discussion. The fact that there may be an unmarked crosswalk at an intersection is perfectly feasible because it is anticipated that people will cross streets at intersections. On the other hand, to say that a motor vehicle operator is presumed to know that some portion of a particular street between intersections has assumed the status of an unmarked crosswalk, for the reason that pedestrians for some time have crossed there each day, would amount to setting a trap for all motorists who travel on that street.

Another contention is that this case should have gone to the jury under a last clear chance instruction. From the evidence heretofore recited we believe it was amply established that the perilous position of appellee in the street was not apparent to appellant until the latter's car struck him, so that there was no opportunity to avoid the disaster. The last clear chance rule has no application, because appellant had no last chance to avoid the accident. See Swift & Co. v. Thompson's Adm'r, 308 Ky. 529, 214 S.W.2d 758.

We conclude appellee was contributorily negligent as a matter of law as to the accident, and it follows appellant's motion for a direct verdict should have been sustained.

Wherefore, the judgment is reversed with directions that it be set aside and that a new one be entered dismissing the complaint.