Leslie McKINNEY, Appellant,

v.

J. A. BALLARD, Jr., Appellee.

Court of Appeals of Kentucky.

Dec. 15, 1961.

---

William E. Rummage, Bratcher & Rummage, Owensboro, for appellant.

John B. Anderson, Owensboro, for appellee.

MONTGOMERY, Judge.

Leslie McKinney appeals from a judgment in favor of J. A. Ballard, Jr., based on a jury verdict. McKinney had sued for personal injuries received in an auto-pedestrian accident. Appellant contends that the instructions were erroneous, in that Instruction I(d) in defining the appellee's duties was equivalent to a peremptory instruction in appellee's favor, and that the court should have given an instruction defining appellee's duties under KRS 189.-570(2).

The accident occurred on four-lane U. S. Highway 60 about a mile east of the Owensboro city limits on February 20, 1959, at about 4:45 p. m. Appellant was employed at the Glenmore Distilleries plant. He was struck by appellee's auto as he crossed the highway from the plant entrance to get to the parking lot entrance, about twenty-five feet west of the plant entrance and on the opposite side of the highway. Both the plant site and parking lot were enclosed by high fences. Ingress and egress for each were through a single opening onto the highway. Sidewalks bordered the highway on both sides.

There was a flashing amber caution light located in front of the plant entrance and over the center of the highway. It had been erected by the Kentucky Department of Highways.

In substance, appellant testified that he looked both ways for oncoming traffic before leaving the sidewalk and again before stepping from in front of a truck, which was stopped in the inner eastbound traffic lane. Two cars were stopped in the same lane behind the truck. Appellant said that he "didn't see anything" and started across the remaining part of the highway. He had not taken more than two steps from his position in front of the truck before he was struck by the left hood portion of appellee's car, traveling forward in the outer eastbound traffic lane.

Appellee testified that he pulled his car in behind the stopped vehicles, observed that the outer lane was clear, and drove into it. He saw some men near the plant entrance before he pulled into the outer lane. He accelerated the speed of his car to twenty-five or thirty miles per hour. He did not see appellant until he stepped out from in front of the stopped truck and into the path of appellee's oncoming car. Appellee's car was then three feet from appellant. Appellee said he had placed his foot on the brake in anticipation of any pedestrian crossing, but was unable to stop in time to avoid the collision.

The court defined the duties of appellee in Instruction I, which included the duties of (a) ordinary care, (b) reasonable control, (c) lookout, and (d), the pertinent part of which is:

"The Defendant, J. A. Ballard, Jr., had the right of way on Highway 60 with its intersection with the Glenmore private driveway, unless you shall believe from the evidence that at that time Leslie McKinney entered said Highway 60 the J. A. Ballard, Jr. automobile was a sufficient distance from the Glenmore driveway for Leslie McKinney to enter and cross said highway with reasonable safety, in which latter event it was the further duty of J. A. Ballard, Jr. to yield the right of way to the said Plaintiff, Leslie McKinney."

The court refused an instruction offered by appellant to the effect that it was the duty of appellee to "render the right of way" under KRS 189.570(2). The instruction offered was similar to Instruction I (d) in Stanley's Instructions to Juries, Volume 1, Section 98, page 148, and approved in Lehman v. Patterson, 298 Ky. 360, 182 S.W.2d 897, and Whittaker v. Thornberry, 306 Ky. 830, 209 S.W.2d 498.

KRS 189.570 involves the regulation of pedestrian traffic at intersections. Subsections (2) and (4) are correlative and provide:

"(2) Except as provided in subsection (4), where traffic control signals are not in place or in operation the operator of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked cross walk or within any unmarked cross walk at an intersection. If necessary in order to yield the right of way, the operator shall slow down or stop.

\* \* \* \* \* \*

"(4) (d) Notwithstanding the provisions of this subsection every operator of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing a child or a confused or incapacitated person upon a roadway."

The decisive point in both arguments made by appellant is whether the crossing from the Glenmore plant to the parking lot was at an intersection. Appellant insists that he was in an unmarked crosswalk and thus had the right of way. There is no contention that there was any crosswalk marked on the highway. The only other crosswalk recognized under this statute is an unmarked crosswalk at an intersection. Severance v. Sohan, Ky., 347 S.W.2d 498. In the Severance case and in Clark v. Smitson, Ky., 346 S.W.2d 780, the rights and duties of the pedestrian and motor vehicle operator under KRS 189.570 were considered recently. In each case, it was held that the pedestrian was guilty of contributory negligence which barred a recovery.

In considering the first argument that the instruction given amounted to a peremptory one, it is concluded that the instruction as given was proper under the statute and the Severance and Clark cases. The vehicular traffic on the highway had the right of way. The caution light was indicative of this since the Department of Highways could have indicated otherwise by maintaining a different type of traffic control signal or by marking a crosswalk. Since the highway vehicular traffic had the right of way, appellant was guilty of contributory negligence as a matter of law; hence, he was not prejudiced by the submission of his case to the jury under the instruction given.

Further, the appellant in offering the refused instruction requiring appellee "to render the right of way" completely overlooked the requirement that the unmarked crosswalk must be at an intersection. "Intersection" within the meaning of traffic statutes and regulations is a term used to describe the meeting of one street with another at an angle, although one of the streets may stop at and not cross the other street. However, the intersection must be formed by recognized public ways as distinguished from private ways. Anno-

tation, 78 A.L.R. 1198; Sweeney v. City of Albany, 94 Ga.App. 887, 96 S.E.2d 527; Woolsey v. Rupel, 13 Ill.App.2d 48, 140 N.E.2d 855; Moore v. Armstrong, 67 N.M. 350, 355 P.2d 284; Dukes v. Kirkwood, La.App., 105 So.2d 318; Highfill v. Brown, Mo., 320 S.W.2d 493. This was recognized in Severance v. Sohan, Ky., 347 S.W.2d 498, and Clark v. Smitson, Ky., 346 S.W. 2d 780, wherein Myers & Clark Co. v. Layne, Ky., 312 S.W.2d 463, was distinguished. The other cases relied on by appellant involved crosswalks at intersections, which distinguishes them from this case where a private driveway was involved. The driveway entering the Glenmore plant was a private driveway, to which KRS 189.570, the intersection statute, did not apply. Accordingly, the trial court was correct in refusing appellant's offered instruction.

Judgment affirmed.