**James W. MEREDITH et al., Appellants,**

**v.**

**Edwin CRUMPTON, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1968.

John G. Crutchfield, Thomas G. Mooney, Jones, Ewen, MacKenzie & Peden, Louisville, for appellants.

Wallis H. Manske, Edward A. Stone, Louisville, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment awarding $3,505.10 damages to appellee for injuries he received when struck by appellant's automobile while attempting to cross 34th Street in Louisville.

On the morning of October 4, 1963, appellee parked his automobile, headed south, on the west side of what is known as "short" 34th Street. This was near the intersection with the 34th Street by-pass. "Short" 34th Street consists of two driving lanes and two parking lanes. The total width of the street is about 30 feet. Appellee got out of his car in the southbound lane of travel and looked north for any traffic coming down that lane. Before he had taken more than three steps he was struck by appellant's northbound car which had swerved over into the southbound lane.

It is first contended there was insufficient evidence to justify submitting

to the jury the respective rights of the parties if they found appellee to be within the confines of a crosswalk. There was no marked crosswalk at the intersection of "short" 34th Street and the 34th Street bypass at the time of the accident. Therefore, if appellee is to avail himself of the rights of a pedestrian in a crosswalk, he must place himself in an "unmarked crosswalk" as recognized by KRS 189.570(2). See Severance v. Sohan, Ky., 347 S.W.2d 498, 500.

▊ The evidence on this point is, to say the least, confusing. If the evidence does not place appellee in an unmarked crosswalk, it does place him very near to one. Motorists can be reasonably expected to anticipate the presence of pedestrians at intersections. Frank v. Silvers, Ky., 414 S.W.2d 887, 892; Clark v. Smitson, Ky., 346 S.W.2d 780, 783. The zone of protection afforded by the crosswalk area cannot be determined as a matter of law in terms of inches. Considering the special hazards normally existing at intersections and the purpose of the statute which gives the pedestrian a right of way, we are of the opinion that it was a jury question as to whether appellee was in an unmarked crosswalk, or so close thereto that his rights were superior to those of appellant. See French v. Mozzali et al., Ky., 433 S.W.2d 122 (decided March 8, 1968).

▊ It is next contended by appellant that the trial court should have directed a verdict for him on the ground that appellee was contributorily negligent as a matter of law. It is argued that appellee violated KRS 189.570(4) (a) in failing to yield the right of way, and was otherwise negligent in failing to look in the direction of appellant's approaching automobile. The statute governs the rights of the parties when the pedestrian is crossing at a point other than a crosswalk area, and what we have just said above would not permit us to rule as a matter of law that appellee was violating the statute. Consequently the cases relied on, such as Clark v. Smitson, Ky., 346 S.W.2d 780, Music v. Waddle, Ky., 380 S.W.2d 203, and Clements v. Peyton, Ky., 398 S.W.2d 477, are not controlling on this point.

▊ However, it is contended that appellee was contributorily negligent as a matter of law because he failed to look in the direction from which appellant approached. As heretofore noted, appellee was in the southbound lane and looked north. In Clark v. Smitson, Ky., 346 S.W.2d 780, the pedestrian failed to look either way. We cannot say as a matter of law that a pedestrian is contributorily negligent if he fails to look in the direction from which normally he would not expect approaching traffic. This precise question apparently has not been decided in Kentucky but where considered in other jurisdictions it is generally held not to be contributory negligence as a matter of law to fail to look for and discover motor vehicles approaching on the wrong side of the street. See cases cited in 145 A.L.R. 536.

In Vescio v. Silverman et al., 20 Misc. 2d 876, 194 N.Y.S.2d 967, a pedestrian was struck by a motor vehicle traveling the wrong way on a one-way street. It was held that a pedestrian was under no duty to keep a lookout for vehicles traveling the wrong way, and a failure to do so did not constitute contributory negligence as a matter of law.

Likewise in Marx v. United States (D.C. N.Y.) 132 F.Supp. 626, the court held that the plaintiff could be expected to be diligent only in observing traffic in its proper lane and he was under no duty to discover a mail truck which had swerved into the wrong lane to get around a stalled bus.

Hoppe v. Bradshaw et al., 42 Cal.App.2d 334, 108 P.2d 947, 952, quotes the duty of a pedestrian under such circumstances thusly:

" * * * The plaintiff was not under obligations to look both ways at all times.

He was under obligations to look to the left while crossing the southerly half of the boulevard and to look to the east when crossing the northerly half thereof. A failure to look both ways while he was crossing the respective halves of the boulevard did not, and would not, constitute negligence per se. * * *."

 We do not say that appellee was not negligent in failing to observe appellant's automobile. We simply rule that a jury question was presented on this point and appellant was not entitled to a directed verdict.

It is finally contended the trial court erred in giving a last clear chance instruction. Appellant argues that the time factor involved in this case was of too short a duration to make this case a proper one for the application of that doctrine. We disagree.

The evidence shows that appellant had a clear view of the scene of the accident as he was traveling north on the 34th Street by-pass and as he turned onto "short" 34th Street. After appellee parked his automobile next to the curb, he opened the door, got out, told his dog to stay in the car, and then took a few steps before he was struck. There was nothing to prevent appellant from viewing all of these actions, which must have taken at least several seconds; he had only to look and use the means at his command to avoid striking the pedestrian. Appellee was within the intended path of travel of appellant's vehicle, which became an area of peril. While the time factor was short, it was appellant who was creating the hazardous situation. Under these unusual circumstances, we think the jury was properly permitted to determine whether or not appellant had a last clear chance to avoid the accident had he been exercising the vigilance which it was his duty to exercise. Riley v. Hornbuckle, Ky., 366 S.W.2d 304,

307; French v. Mozzali et al., Ky., 433 S.W.2d 122.

The judgment is affirmed.

EDWARD P. HILL, MILLIKEN, PALMORE, STEINFELD and WILLIAMS, JJ., concur.