**Alvine L. WRIGHT, Administratrix of the Estate of William Wright, Deceased, Appellant,**

v.

**CITY OF LOUISVILLE and Stephen C. Wells, Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Rehearing Denied March 31, 1972.

Norman L. Wagner, C. Alex Rose, Curtis & Rose, Louisville, for appellant.

Richard C. Oldham, William P. Swain, William O. Guethlein, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

DAVIS, Commissioner.

The appellant, as personal representative of William Wright, sought damages against the appellees, City of Louisville and Stephen C. Wells, a police officer of that city, for the alleged wrongful death of Wright which occurred when Wright was struck and killed by a police car of the city operated by Wells. A jury returned a verdict for the defendant appellees. The appellant contends that the court erred in the instructions given and in failing to grant a directed verdict in behalf of the appellant.

The accident occurred on January 27, 1967, at about 3 p. m. during the falling of heavy, wet flakes of snow which had not started to accumulate but had caused a wet condition on the streets. Officer Wells received a radio dispatch directing him to investigate an accident at the intersection of Seventh and Hill Streets in Louisville. He

proceeded in the police car from a position south of the accident northwardly along Seventh Street. Seventh Street runs generally north and south with two northbound traffic lanes and two southbound traffic lanes. He found both northbound lanes on Seventh Street completely obstructed for approximately one block south of Seventh and Hill. Since no southbound vehicular traffic was approaching on Seventh, Officer Wells proceeded into the easternmost of the two southbound traffic lanes and continued to drive northwardly until the right front portion of his vehicle struck and killed appellant's decedent, William Wright. Wells stated that he activated the overhead red light signal on his car before pulling into the southbound lane. He related that he did not activate the siren or sound the horn and could not remember whether the headlights on the automobile were burning.

The decedent, an employee of American Radiator and Standard Sanitary Corporation, had just left the plant of that company, situated on the east side of Seventh Street, and was undertaking to walk across Seventh Street from its east side to its west side. The evidence disclosed without contradiction that the decedent was not using a crosswalk, marked or unmarked. It appears that the decedent walked between northbound vehicles standing in the two northbound lanes of Seventh Street and stepped into the easternmost southbound lane of Seventh Street, when the collision occurred. Officer Wells said that so far as he was aware the only portion of his vehicle to strike the decedent was the siren situated on the right front portion of the car. Wells estimated his own speed at between ten and fifteen miles per hour, although some witnesses thought Wells may have been traveling as fast as thirty to thirty-five miles per hour.

The police car left a skid mark of eighteen feet in length. There was a double yellow line in the center of Seventh Street designed to prevent northbound vehicles from using the south lanes and southbound vehicles from using the north lanes. A witness stated that the decedent was looking to his right toward the direction from which southbound traffic would approach as he stepped into the southbound traffic lane.

No complaint is made as to the trial court's instructions which defined the duties of the police officer. The court instructed the jury respecting the duties of the pedestrian, and after the prefatory statement that the decedent was required to exercise ordinary care for his own safety, the court specifically instructed that the duty to exercise ordinary care included the following duties:

"(a) To keep a lookout for automobiles approaching him and so near to him as to be in danger of collision;

"(b) In crossing Seventh Street other than at an intersection to yield the right of way to vehicular traffic on Seventh Street."

The appellant contends that the giving of Instruction (b) was equivalent to granting a peremptory instruction against the plaintiff. The litigants recognize that KRS 189.570(4) (a) provides:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."

The appellant maintains that the duty of the pedestrian to yield is not an absolute duty, particularly when it is shown that he failed to yield to a vehicle approaching from a direction in which oncoming traffic was not normally to be expected. Particular reliance is had upon Page v. Dodds, Ky., 433 S.W.2d 656, which quoted with approval from Gasparac v. Castle, Ky., 330 S.W.2d 111, in which the court dealt with the preferential status afforded emergency vehicles and the duty of others to yield the

right of way to such vehicles. In Gasparac, it was said:

"Notice and warning to persons required to yield the right of way is essential, and a reasonable opportunity to yield or get out of the way is necessary before they become chargeable with the obligation to give preference to the emergency vehicle." Id. 330 S.W.2d at page 113.

The appellant also places reliance upon Meredith v. Crumpton, Ky., 434 S.W.2d 648, in which it was held that a pedestrian was not, as a matter of law, contributorily negligent by reason of his failure to look in the direction from which normally he would not expect approaching traffic. In Meredith, the court called attention to 145 A.L.R. 536 and to Vescio v. Silverman et al., 20 Misc.2d 876, 194 N.Y.S.2d 967; Marx v. United States (D.C.N.Y.) 132 F. Supp. 626; and Hoppe v. Bradshaw et al., 42 Cal.App.2d 334, 108 P.2d 947, all of which deal with situations wherein a pedestrian is struck by a vehicle traveling the wrong way, or from a direction in which traffic would not normally be expected.

The appellant requested the trial court to instruct that the decedent had a duty "to keep a lookout for vehicles lawfully approaching him and so near to him as to be in danger of collision and, if in crossing the street he observed such traffic lawfully using the street, to yield the right of way to such traffic." The court is of the view that the requested modification of the instruction was properly refused by the trial court. Neither is it deemed essential to consider or determine whether Officer Wells was giving all of the warnings required for the preferential status of emergency vehicles. It seems plain that the decedent had a continuing duty to exercise ordinary care for his own safety, which included his obligation to exercise ordinary care to determine whether he could safely cross the southbound lanes of Seventh Street, without respect to whether he would be imperiled by a lawfully operated vehicle or an unlawfully operated one. Assuming, without deciding, that the rationale of Meredith v. Crumpton authorizes a holding that the decedent was not, as a matter of law, guilty of contributory negligence, it seems obvious that nothing in Meredith v. Crumpton, or in any other authority cited, absolved the decedent from exercising ordinary care for his own safety. It was undisputed that the police car had its overhead light on, and the physical facts demonstrate that a mere glance to the left would have enabled the decedent to see that his stepping into the southbound lane of Seventh Street would place him in immediate and imminent peril, as it did. Even if it were conceded that the court should have modified the "yield" instruction by informing the jury that decedent's duty to yield was predicated upon his having a reasonable opportunity to do so (a matter not necessary to decide), no such modification was requested. More importantly, even if the instruction had been so modified, it is difficult to perceive how the jury could reasonably have found that the decedent lacked the requisite opportunity to see the police car and yield to it.

The modification which was requested would have placed upon the decedent only the duty of observing traffic lawfully using the street. It is true that the decisions of Page v. Dodds and Gasparac v. Castle, relating to the duty to yield the right of way to give preference to an emergency vehicle, point out that the emergency vehicle must be so operated as to afford a reasonable opportunity for yielding, but there is nothing in those decisions which would lend support to the proposition that a pedestrian may, as a matter of law, walk blindly across a street in the face of easily discernible oncoming danger and rely on the fact or claim that the oncoming vehicle was being operated illegally. There was no error in the instruction of which the appellant can now complain.

Neither is there merit in the contention of the appellant that a directed verdict should have been granted in favor of the

plaintiff. It is noteworthy that in Meredith v. Crumpton the court carefully pointed out that there was no holding that the pedestrian was free of negligence in failing to observe the automobile which struck him, but simply that a jury question was presented on the point. It is also significant that in Meredith v. Crumpton the court found that the circumstances warranted the giving of a last clear chance instruction and that there was sufficient evidence indicating that the pedestrian was in an unmarked crosswalk as to make a jury issue as to the applicability of KRS 189.570(4) (a). Neither of those circumstances is present here. It follows that the trial court correctly denied the appellant's motion for a directed verdict.

The judgment is affirmed.

All concur.